MAICHEN v. CLAY ET AL.

1. **Contract:** PURCHASE OF LAND THROUGH AGENT: EXCESS OF AUTHOR-
ITY: LIABILITY OF AGENT. Where the owner of land had leased the
same to a tenant in possession for a term not yet expired, and had
authorized his agent to sell the same subject to the lease, and the agent,
knowing of the lease, represented to the plaintiff that he had authority
to sell and give immediate possession of the land, and so negotiated a
sale to plaintiff, taking $200 from him as a cash payment, *held* that
plaintiff, after learning of the lease, was not bound to accept from the
agent a warranty deed from the owner, but that he might reject the
deed, and recover from the agent the $200 paid him in the transaction.

2. **Pleading:** REDUNDANT ALLEGATIONS: PROOF. A plaintiff is never
required to prove more of the allegations of his petition than is re-
quired to enable him to recover, and where allegations which might
have been material become redundant as the case progresses, they need
not be proved.

*Appeal from Woodbury District Court.*

WEDNESDAY, DECEMBER 12.

THIS is an action to recover of defendants the sum of
$200, which, it is alleged, they received from the plaintiff as

part of the purchase money of certain real estate, which they contracted as agents of one Walker to sell and convey to the plaintiff, and which contract of sale was never consummated, because defendants did not and could not give the plaintiff possession of the land.

There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. Defendants appeal.

*Struble, Rishel & Sartori*, for appellants.

*R. W. Stewart*, for appellee.

ROTHROCK, J.—The following is a copy of part of the petition: "The plaintiff states that L. D. Clay and E. C.

1. CONTRACT: purchase of land through agent: excess of authority: liability of agent.

Clay are indebted to him in the sum of two hundred dollars, for that the said defendants, on or about the 8th day of April, 1882, in the city of Le Mars, in Plymouth county, Iowa, wrongfully and wickedly represented to plaintiff that they, the defendants, in the capacity of agents, had and possessed authority of one E. P. Walker, the owner of the following land in Plymouth county, Iowa, viz: the northwest quarter of section ten, township ninety-two, range forty-four, west, to sell, or contract to sell, said land unto plaintiff, at the stipulated price of two thousand six hundred and fifty dollars; possession, use and benefit of said premises to be given purchaser upon acceptance or delivery of deed, and title thereof to be good and sufficient."·

It is further averred in the petition, in substance, that the plaintiff relied upon the representations so made, and contracted with defendants for the purchase of said land, and paid them two hundred dollars, and agreed to pay eighteen hundred dollars upon the delivery of a conveyance to him, and six hundred dollars one year thereafter, and that possession of the land should be given plaintiff upon a delivery of the deed, and the title was to be good and sufficient and clear of all liens and defects. "That said defendants had no

authority to bargain or contract for the sale of said land, as represented by them aforesaid, and that said defendants and the said E. P. Walker have failed and refused to furnish the plaintiff with a good and sufficient title to said land, free and clear of all liens or defects, and refuse or fail to give a good and sufficient deed, with the use and possession of said premises."

Judgment was demanded for two hundred dollars and interest, and an attachment was issued upon the ground "that the debt is due for property obtained under false pretenses by the said defendants from this plaintiff".

The defendants by their answer admit the payment of $200 to them by plaintiff, and aver that they had authority to sell the land, and that plaintiff refused to comply with his contract by accepting a good and sufficient deed for the land, and that they refuse to pay back the $200, because of plaintiff's failure to perform his contract, and because of an agreement that, in case of plaintiff's failure to perform, he should forfeit the two hundred dollars.

There was also a cross-action to recover damages of the plaintiff for wrongfully and maliciously suing out the writ of attachment.

It appears that Walker was the owner of the land, and that it was leased until the month of October, 1882, to a tenant who was in possession. Walker authorized the defendants to sell the land for $2,560 net to him, the purchaser to pay the taxes of 1881, and Walker to have his landlord's interest in the crops of 1882. Walker resided in Cedar Falls, and, when the contract was made, a deed was sent to him to be executed and returned. He executed the deed and sent it to a bank at Le Mars. The deed was an ordinary conveyance with covenants of warranty. The plaintiff refused to accept the deed because of the lease of the land. The deed was afterwards returned to Walker, and he has since sold the land to other parties.

The material question in the case is, whether the plaintiff

was bound by his contract to take the deed and complete the purchase. ' The defendants claim that he was so bound, because by his contract he agreed to pay the taxes for 1881, and allow Walker to have the rents for the year 1882. The plaintiff claims that he was to have a conveyance clear of incumbrance, and was to pay no more than the sum of $2,650 in all. On this question there is a conflict in the evidence. The jury have found that the testimony of the plaintiff is true, and we are bound by the finding. We are also required to hold that the jury was warranted in finding that the defendants represented to the plaintiff, when they received his money, that they had full authority to sell the land and put him in possession of it. They concede that they had no such authority, for neither they nor their principal, Walker, had any right to interfere with the tenant in possession, until the expiration of his lease.

Much has been said in argument by counsel for appellants as to the nature of the action. It is claimed that, because

2. PLEADING: it is stated in the petition that the defendants
redundant al- "wrongfully and wickedly" made representations
legations: to the plaintiff which were not true, the action
proof. is in tort; that it is to recover for false representations; and that there can be no recovery without proving the tort. And complaint is made because the court in its instructions did not place the plaintiff's right to recover upon that ground.

This was wholly immaterial. A party plaintiff is never required to prove more of the allegations of his petition than is necessary to entitle him to recover. The willfulness and wickedness of the representations were only material in this case when the jury came to consider the claim of defendants for damages for the alleged wrongful suing of the writ of attachment. The court gave the jury the proper instructions upon this branch of the case.

When the jury found, as they must have done to reach' the conclusion which they did, that the defendants represented that they had full authority to sell the land, and put the

plaintiff in possession thereof, and that the defendants knew they had no such authority, and knew that the extent of their agency was to sell the land encumbered with the lease, that was practically an end of all questions in the case. The verdict necessarily included the finding that the defendants knew they did not have the authority they claimed to have and that, therefore, the writ of attachment was not wrongfully issued.

Something is claimed in argument as to Walker's being the proper party defendant in an action upon the contract. A ready answer to this is that, as the jury has found that the defendants made a contract which did not bind Walker, and received thereon the sum of $200 which they still retain, they are surely the proper parties to repay the same to the plaintiff.

Some complaint is made of rulings upon the admission of evidence. We do not think the objections well taken. We have not followed the argument of appellants nor alluded to the assignment of errors in detail, but we think the foregoing discussion disposes of all material questions in the case.

AFFIRMED.