TIMOTHY KALINE, Appellant, v. SCOTT STOVER, Appellee.

| 88 | 245 |
|----|-----|
| 121 | 276 |

1. **Assault and Battery**: ACTION FOR DAMAGES: EVIDENCE. Where, in an action to recover damages for an assault and battery, there had been a criminal prosecution of the defendant therefor in justice's court, *held*, that evidence that the plaintiff had appeared at the trial in justice's court with a bandage about his head, claiming that he wore it on account of the injuries received at the hands of the defendant, and falsely claiming that it could not be removed on account of the severity of such injuries, was immaterial, and should have been excluded.

2. ———: ———: PLEADING AND PROOF. In a civil action for assault and battery, the petition alleged that, "the defendant, without provocation, willfully and feloniously assaulted the plaintiff, beating, bruising and maltreating him by striking him on the head, body and limbs with his fists and weapons unknown to him," etc. *Held*, that it was sufficient for the plaintiff to prove that the defendant made an unprovoked and unjustifiable assault upon him, whether the assault was made with fists alone, or with weapons unknown to the plaintiff, and whether he was struck on the head, body and limbs, or on either; and an instruction which implied that he could recover only upon proving that the defendant assaulted and struck him substantially as claimed in his petition was erroneous.

3. ———: ———: INSTRUCTION TO JURY. The court instructed the jury that the plaintiff's theory was that the defendant had, without provocation, first struck him with a hatchet, and followed this up by striking him with his fists with brass knuckles on, and with pounding

him when he was down; and that the defendant's theory was that the plaintiff first struck at him, and that he struck the plaintiff in self-defense; and that the jury must determine from the evidence which of these theories was correct, and return their verdict accordingly. *Held*, that the instruction was erroneous as tending to require the plaintiff to prove all the matters stated as constituting his theory of the case.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

THURSDAY, MAY 18, 1893.

ACTION to recover damages alleged to have been caused by an assault and battery committed by the defendant. There was a trial by jury, and a verdict and judgment for the defendant. The plaintiff appeals. —*Reversed.*

*Slater & Conklin* and *M. J. Wade*, for appellant.

No appearance for appellee.

ROBINSON, C. J.—The petition alleges that on the twentieth day of July, 1889, the defendant, without provocation, willfully and feloniously assaulted the plaintiff, beating, bruising, and maltreating him by striking him on the head, body, and limbs with his fists, and weapons unknown to him, and that defendant knocked out plaintiff's teeth and cut off one of his fingers. The defendant denies that he made an unprovoked assault upon the plaintiff, and avers that any assault made or injury inflicted by him upon plaintiff was done in self-defense, and in resisting attacks made upon him by the plaintiff and plaintiff's wife, children, and dogs, the persons at the time of their attack being armed with clubs, broomsticks, and other weapons.

I. Evidence given for the plaintiff tended to show that at the time stated in the petition the defendant

**1. ASSAULT and battery: action for damages: evidence.** struck him with a hatchet and with brass knuckles, causing severe injuries. It appears that the affair led to the criminal prosecution of the defendant in justice's court. The defendant was permitted to show in this case, notwithstanding the objections of the plaintiff, in substance, that the latter appeared in. justice's court with a large bandage around his head; that he claimed it was worn in consequence of injuries inflicted by the defendant, and that it could not be removed; that it was finally taken off, notwithstanding his resistance, but that few, if any, marks of an injury to the head could be found. There is nothing in the record to show that this evidence was material. Its purpose does not appear to have been to show the extent of the plaintiff's injuries at the time the examination was made. The wearing of the bandage by the plaintiff, and his resistance to attempts to remove it, would not tend to show the nature or extent of his injuries, and we are inclined to think that the theory of the plaintiff that the evidence was introduced for the purpose of showing that he had attempted to deceive in justice's court in regard to the extent of his injuries is well founded. Whether he did or not was clearly immaterial to any issue in this case.

II. The court charged the jury as follows: "4. The burden of proof is on plaintiff to satisfy you by a pre-**2. ——: ——: pleading and proof.** ponderance of the evidence that on or about July 20, 1889, the defendant assaulted and struck plaintiff substantially as claimed in his petition, and that he was thereby injured, the extent of such injury, and the amount of his damage; and if he has done so, your verdict should be for the plaintiff, unless such alleged assault and striking was done in self-defense, as hereinafter explained." The sixteenth paragraph of the charge instructed the jury that if the plaintiff had failed "to establish the allega-

tions in his petition as is stated in paragraph number 4 above, he is required to do," their verdict should be for the defendant. We are of the opinion that these portions of the charge were erroneous, in requiring the plaintiff, in order to recover, to prove that he was assaulted and struck "substantially as claimed in his petition." He was thus required to prove substantially that defendant struck him on the head, on the body, and on the limbs with his fists, and also with weapons unknown to him. The plaintiff was not required to prove all the averments of his petition to entitle him to recover. It was sufficient if he showed a good cause of action on any of the grounds stated in his petition. *Maichen v. Clay*, 62 Iowa, 455. It is clear, if the defendant made an unprovoked and unjustifiable assault upon him, that he is entitled to recover, whether the assault was made with fists alone, or with weapons unknown to the plaintiff only, or with fists and weapons, and whether he was struck on the head, body, and limbs, or on either. See *Harley v. Merrill Brick Co.*, 83 Iowa, 73.

III. The jury were told in the thirteenth paragraph of the charge that "there are two theories in this case. The one claimed by the plaintiff, that the defendant, without any cause or provocation, first struck him with a hatchet, and followed this up with striking him with his fist with brass knuckles on his hands, and with pounding the plaintiff when he was down; and the other theory, that of the defendant, that the plaintiff commenced the difficulty by coming at the defendant in a hostile way, as if to strike him; that he, the defendant, struck him, the plaintiff, in self-defense." In the fourteenth paragraph the jury were told that they must determine from all the facts and circumstances which of the two theories is correct, and return their verdict accordingly. These portions of the charge were erroneous as tending to

3. ——: ——: instruction to jury.

require proof of all the matter alleged to constitute the theory of the plaintiff to entitle him to recover. He might have been entitled to recover on proof of but a part of them, for reasons already stated in this opinion.

IV. The appellant contends that the court failed to instruct the jury correctly and fully in regard to the right of self-defense. Since we are without the benefit of an argument for the appellee, and the evidence on a second trial may not be like that before us now, we refrain from expressing any opinion in regard to the question thus presented. For the same reason we think it best not to determine other questions discussed by the appellant.

The judgment of the district court is REVERSED.