FRANK WILLIAMS, Appellant, v. THE IOWA CENTRAL RAILWAY COMPANY, Appellee.

Personal Injury: INSTRUCTIONS: PROOF OF MATERIAL ALLEGATIONS.
1   In an action by a railway employe for injuries, an instruction that to entitle plaintiff to recover he must establish "all the material allegations of his petition" is objectionable as leaving the jury to determine which of the allegations are material to recovery, and also a placing upon plaintiff a greater burden than he is required to bear.

Instructions: MATTERS NOT CONTROVERTED. It is improper to sub-
2   mit to the jury matters concerning which there is no controversy.

Personal Injury: LIABILITY OF RAILWAY COMPANY: PROOF OF
3   EMPLOYMENT. Where the work of a railway employe exposes him to the hazards arising from the operation of the road he

is entitled to the benefits of Code, section 2071, without proof that his employment is in connection with the use and operation of the road.

Instructions: NEGLIGENCE: CARE. In an action by a railway employe for injuries received while unloading rails from a work train, it is error for the court to instruct a as matter of law that if the plaintiff gave the signal to move the train, which resulted in the injury, he is responsible therefor and cannot recover, as it ignores questions of care on the part of plaintiff and his co-employes which are questions of fact for the jury.

*Appeal from Mahaska District Court.*—HON. W. G. CLEMENTS, Judge.

WEDNESDAY, OCTOBER 14, 1903.

ACTION at law to recover damages for personal injuries sustained by plaintiff while in defendant's service. Verdict and judgment for defendant, and plaintiff appeals.—*Reversed.*

*Carver & Wooster* and *Rickel, Crocker & Tourtellot* for appellant.

*George W. Seevers* and *J. O. Malcolm* for appellee.

WEAVER, J.—Plaintiff claims that in the year 1899 he was in the employ of the defendant corporation, assisting in the operation of a construction or repair train, and that in pursuance of such service he undertook, with others, to distribute steel rails along the defendant's track. The unloading was accomplished by the use of two cables, one end of which was clamped to the track and the other hooked to a rail on the car, after which the train was moved forward, pulling the rail from the load. At the time in question the iron was being unloaded from a stock car, and two men riding in the car were charged with the duty of placing the rails in proper position to be hooked and drawn through the door or opening. Other men at-

tended to the clamps at the rear end of the cables, while plaintiff and another unloosed the hooks from the unloaded rails, and carried them forward to repeat the process. Plaintiff alleges that while he was thus engaged the men in the car failed to use reasonable care in placing and preparing one of the rails for unloading, and that by reason of such negligence the rail, when hooked, caught in the end of the car, causing the hook to slip from its fastening and fly back with great violence, striking and injuring him, without fault on his part. The defendant admits its corporate capacity, denies plaintiff's claim, and alleges that by his own negligence he caused or contributed to the injury of which he complains. Upon the trial there was no dispute that plaintiff was employed substantially as above stated, or that he was injured by the recoil of the hook as alleged. There was a dispute, however, as to whose duty it was to attach the hook, and who in fact attached it at the time of the accident, and also as to the matter of signals for moving the car—whether any were given, and, if so, by whom given.

It is not seriously contended that the evidence failed to present a fair question for the jury, and the only errors discussed in argument are assigned upon the instructions given by the court. Among the instructions objected to we note the following:

"Par. 2. Under the issues thus joined, before the plaintiff can recover, he must establish all the material allegations of his petition by a preponderance of the evidence, according to the rules set forth in these instructions."

"Par. 5. Before the plaintiff can recover, he must establish by a preponderance of the evidence the following propositions: First. That plaintiff was in the employ of the defendant, and that such employment was connected with the use and operation of the defendant's railway at the time of the accident. * * * Fifth. That the plaintiff, in the performance of his duties at the time of the

accident, exercised ordinary care and prudence, and did not
in any manner contribute to his own injury.   If each of
the foregoing propositions are established by a preponder-
ance of the evidence, then your verdict should be for
plaintiff, and, if the plaintiff has failed to satisfy you by
a preponderance of the evidence as to any one of these
five propositions, then your verdict should be for the
defendant."

"Par. 11.   If you do not find that it was the duty of
plaintiff to give the signal to the conductor to start the
train, and you find that the plaintiff did not give such
signal to the conductor to start the train at the time of the
accident, and you find that the plaintiff handed the hook
to the employes in the car, and by them hooked in the
rail, or you find that plaintiff himself placed the hook in
the rail, and you further find that it was the duty of the
men in the car to place the rail in a position in the car so
that it would pass out of the car unobstructed, and such
men in the car failed and neglected to exercise ordinary
care and caution in placing such rail, and they were negli-
gent in so doing, and you further find that such employes
in the car gave the signal to the conductor to start the
train, and such conductor acted on such signal, and gave
the signal to engineer to start the train and the train was
thereby started, yet it was the duty of the plaintiff to
exercise ordinary care and caution; and if the plaintiff, by
the exercise of ordinary care, could have observed and
ascertained that the rail would not pass out of the car in
time to have gotten out of the way of danger, or in time
to have notified the conductor that the rail would not pass
out of the car, and thus have avoided the accident, and the
plaintiff failed and neglected to do so, then the plaintiff
would be guilty of negligence directly contributing to his
own injury.   But if you should find from the evidence that
such a state of facts existed as stated above in this instruc-

tion, and you further find that such person in the car, giving such signal, if any, or other employes in the car, knew that the plaintiff was negligent, and knew that he had not exercised such ordinary care and caution, and knew that the circumstances were such as to indicate a strong probability that the plaintiff or some other person would get hurt, it would be the duty of such person or persons in the car having such knowledge, if any, to do whatever he or they could, with ordinary promptness, to avert the accident, after he or they saw that the plaintiff or other person was in danger of getting hurt; and in such event, if he or they failed to use such reasonable means with reasonable promptness to avert the accident, this would be negligence on their part, which would make the defendant liable, even though the plaintiff may have been first negligent as stated in this instruction. But if the circumstances were not such as to suggest immediate danger to any person, or if it was reasonably apparent to such employe or employes that nothing could be done in time to avert the accident, after they discovered such negligence of the plaintiff (if they did discover it) and saw the danger, then, in either event, there would be no negligence of the employe or employes in the car, in not attempting to avert the accident."

After deliberating upon their verdict several hours, the jury returned into court with a written interrogatory as follows: "To the Court: Your instructions are not clear. We all agree that plaintiff and defendant were negligent. Section five of your instructions states that if we find plaintiff guilty of negligence we must find a verdict for defendant. Section eleven states that, if plaintiff was guilty of negligence and defendant had time to avert accident, then the plaintiff can recover. Are not these contradictory?" In response to this question the court gave an additional instruction as follows: "Gentlemen of the jury, to your written inquiry in regard to instruc-

tions number five and number eleven you are instructed that the fifth proposition embodied in instruction number five is qualified by instruction number eleven, should you find that the facts existed as stated in instruction number eleven." Later, and after still further deliberation, the jury again returned into court, repeating their complaint of inability to reconcile the instructions given in paragraphs five and eleven of the charge, and asking still further direction. Thereupon the court repeated· in substance its former explanation of these parargaphs, and added the following: "If you find from the evidence the plaintiff himself gave the signal to move the train, and in obedience thereto the train was moved, and the plaintiff thereby received the injury of which he complains, then, and in that event, he is responsible for the result of such movement, and he cannot recover in this action."

While there is much in these several paragraphs of which appellant cannot justly complain, we cannot avoid the conclusion that the jury were in some respects misdirected.

I. By the second parargaph of the charge the jury were told that, in order to recover, plaintiff was required to establish "all the material allegations of his petition." This instruction is objectionable for two reasons: It leaves the jury to determine for themselves what allegations of the petition are material, and it imposes upon plaintiff a greater burden than he was required to bear. For instance, the petition, after alleging his injury in the manner we have described, proceeds to aver that in consequence thereof he has been made to undergo great pain and suffering, and to incur expense for medical attendance and nursing; that he is still laboring. under the disability thus occasioned, and is liable to sustain further loss and suffering therefrom in the future. Now, these allegations are material, and are not improperly pleaded; but plaintiff is not re-

*I. INSTRUCTIONS: proof of material allegations.*

quired to prove the truth of all of them before he can recover. If he establishes the alleged negligence of the defendant, and consequent injury to himself without contributory fault on his own part, then his right of recovery is complete, although the jury may believe he has fully recovered, and there is no probability of future loss, pain, or suffering, or although he fails to show the employment of physician or nurse. The same suggestion may properly be made as to many other allegations of the pleadings, failure to prove which would not necessarily defeat plaintiff's right of recovery. See *Kaline v. Stover*, 88 Iowa, 245; *Maichen v. Clay*, 62 Iowa, 455; *Harley v. Merrill Brick Co.*, 83 Iowa, 73.

The second paragraph of the charge, to which we have just referred, and the first subdivision of the fifth paragraph, are also open to the criticism that they submit

2. INSTRUCTIONS: matters not controverted. to the finding of the jury matters which are conceded, or concerning which there is no controversy in the evidence. That plaintiff "was in the employ of the defendant, and that such employment was connected with the use and operation of the defendant's railway," was not a matter of controversy; and, if the jury had specially found in the negative upon either proposition, the finding must have been set aside, as being manifestly unsupported by the evidence.

II. With further reference to the first clause of the paragraph it may be observed that, to entitle plaintiff to the benefit of Code, section 2071, he was not required to

3. PERSONAL injury: liability of railway company: proof of employment. prove his employment to have been connected with the use and operation of the railway. Even though his employment may have had nothing whatever to do with the movement of trains., yet, if the performance of his duties brought him into a situation where he was exposed to the perils and hazards arising from such operation or movement, and he was thus injured by the negligence of a co-employe, he

is within the protection of the statute.   *Pyne v. R. R.*,
54 Iowa, 223; *Keatley v. R. R.*, 94 Iowa, 691; *Jensen v.
R. R.*, 115 Iowa, 404.   It was error, therefore, as an ab-
stract proposition of law, to direct the jury that plaintiff
could not recover without showing his employment to
have been connected with the operation of the road; but,
as we hold that his employment was of that character, the
error was not of itself prejudicial, and we should not be
disposed to reverse upon that ground alone.

III.   The eleventh paragraph of the charge attempts
to collate the facts and circumstances bearing upon the
question of contributory negligence, and to instruct the
jury as to their effect upon plaintiff's right of
action.   In its commendable anxiety to make
its resume full and fair, the learned trial court seems to
have been betrayed into some obscurity of statement.
Indeed, it is hardly possible for any person to construct a
sentence of such extreme length and multiplicity of sub-
sidiary clauses having reference to technical matters, and
succeed in making it so clear that a jury of nonprofes-
sional men will be able to read and apply it with clear
understanding.   In the present instance the lack of clear
comprehension by the jury was demonstrated by their re-
peated return into court asking further direction as to the
effect of this particular paragraph.   In giving such direc-
tion, the court, as we have seen, stated an additional
proposition to the effect that, if plaintiff himself gave the
signal to move the train, and as a result of such move-
ment he was injured, then he was responsible for his own
injury, and could not recover.   This rule, we think, can-
not be the law.   It wholly ignores the question of due
care for his safety by his co-employes, as well as due care
on his own part in giving the signal.   The mere fact that
he himself gave the signal does not enable the court to say
as a matter of law that he was guilty of contributory neg-
ligence.   Whether it was or was not negligence, and, if

4.  INSTRUCTION:
negligence:
care.

negligence, whether it in any manner caused or contrib-uted to the accident, depends entirely upon inferences to be drawn from the attendant circumstances; in other words, it was a question for the jury.

IV.   Other exceptions are urged to the instructions, but, in view of the conclusions already announced, it is un-necessary for us to further extend this opinion.   This court is fully aware of the difficulties and embarrassments which surround trial courts in the preparation of instruc-tions.   Under the rule which requires the judge to remain in personal supervision of the trial in all its stages he is forced, if he would avoid delay, to prepare his charge at his desk, subject to constant interruption and distraction; and the chief cause for surprise is that so few prejudicial errors are committed.   Many of the criticisms offered to the charge now before us are of a verbal or technical char-acter, and we should be disposed to overrule most of them were it not that, taking the record as a whole, it seems very clear the jury became confused, and did not fully comprehend the rules of law laid down by the court.   A new trial will therefore be ordered.

The judgment of the district court is REVERSED.