G. H. MARTIN, Guardian, Appellant, v. WILLIAM ROBERTS.

**Sale of land.** DUTY TO FURNISH ABSTRACT. Where a vendor agrees 1 to furnish an abstract showing good title, but the time for so doing is not specified, he is required to furnish it for examination a reasonable time before the contract is to be performed.

**Same.** Where a vendor agrees to furnish an abstract showing 2 good title, he is not entitled to the balance due on the contract until he has complied therewith.

**Encumbrance by vendor:** REFUSAL OF VENDEE TO PERFORM. Where 3 a contract for the sale of real estate provides for a conveyance with the usual covenants of warranty including right of possession, the execution of a lease by the vendor, covering

the time fixed for delivery of the deed, and a transfer of possession to the tenant thereunder, will authorize a refusal of performance by the vendee.

**Pleadings:** TENDER.  A vendee, in an action to recover money paid on a contract for the purchase of land, who alleges that at the date of performance the vendor did not have good title to convey, is not required to also allege tender of performance.

*Appeal from Clay District Court.*— HON. A. D. BAILIE, Judge.

THURSDAY, APRIL 6, 1905.

SUIT at law to recover money paid on a contract for the purchase of real estate.  A demurrer to the petition was sustained, and plaintiff appeals.— *Reversed.*

*G. H. Martin,* for appellant.

*F. H. Helsell,* for appellee.

SHERWIN, C. J.— On the 12th day of September, 1902, Michael Finnegan (the plaintiff's ward) and the defendant entered into a written contract for the conveyance to Finnegan of certain land owned by the defendant.  Five hundred dollars of the purchase price was paid at the time, and Finnegan agreed to assume the payment of a mortgage then on the land, and to pay the balance of the agreed price in cash on the 1st day of March, 1903, at which time the defendant was to execute and deliver to Finnegan a conveyance in fee simple, with the ordinary covenants of warranty.  The contract also provided that the defendant should furnish an abstract showing good and sufficient title in him.  The petition alleged these facts, and, further, that the defendant failed to furnish any abstract of title before the 4th day of April, 1903, or until after he had been notified of the plaintiff's election to rescind the contract; that prior to the 1st day of March, 1903, the defendant leased the land for a

term ending March 1, 1904, and put the lessee in possession thereof, where he remained at the time suit was brought. The defendant was also charged with other breaches of the contract, which we need not further notice. The demurrer averred that the balance of the purchase price of the land was due unconditionally on the 1st day of March, 1903; that time was of the essence of the contract; and that, the plaintiff having failed to plead payment or a tender of the amount due, he had forfeited the cash payment made, and had no right of action.

The demurrer should have been overruled. By the terms of the contract, the defendant was to furnish the vendee an abstract showing good and sufficient title; and, while no particular time therefor was fixed, the law requires that it be furnished in reasonable time for examination before the contract is to be performed. It was a condition precedent, and the defendant was not entitled to the balance of the money due under the contract until he had complied therewith. *Wilhelm v. Fimple,* 31 Iowa, 131; *Maichen v. Clay,* 62 Iowa, 452; *Bartle v. Curtis,* 68 Iowa, 202; *Lessenich v. Sellers,* 119 Iowa, 314; *Webb v. Hancher,* 127 Iowa, 269. The contract provided for a deed with the ordinary covenants of warranty, and the purchaser would be entitled to immediate possession thereunder. *Brandt v. Foster,* 5 Iowa, 287. And the execution of a valid lease of the premises, and possession thereunder, would render it impossible for the vendor to convey the title and the possession which he had agreed to give. *Van Wagner v. Van Nostrand,* 19 Iowa, 422; *Maichen v. Clay, supra; Stroff v. Swafford,* 79 Iowa, 135; *Webb v. Hancher, supra.*

Furthermore, the petition alleged that on the 1st day of March, 1903, the defendant did not have a good and sufficient title to the land. With the averments as to the lease and as to the condition of the defendant's title at the time he was to convey, it was wholly unnecessary for the plaintiff

to allege tender of performance.   See cases *supra,* and *Primm v. Wise & Stern,* 126 Iowa, 528.

The judgment is *reversed.*