HENRY KRACKE v. WM. HOMEYER *et ux*, Appellants.

**Parol Variance of Writing.** A mortgage, silent on the subject, can not be resisted with oral proof that, *as part of the contract*, the mortgagor was to board mortgagee free, that board worth a certain sum had been furnished, and that mortgagee had gone to board elsewhere without mortgagor's fault—though a counterclaim for board, independently asserted, might have been tenable.

*Appeal from Adair District Court.*—HON. J. H. HENDERSON, Judge.

TUESDAY, MAY 15, 1894.

ACTION for the foreclosure of a mortgage. Decree for plaintiff, and the defendants appealed.—*Affirmed.*

*D. W. Church* for appellants.

*Storey & Gaines* for appellee.

GRANGER, C. J.—The note secured by the mortgage is in words as follows:
"$1,100.

"Three years after date of demand, I promise to pay Henry Kracke the sum of eleven hundred dollars, with lawful interest, payable annually after demand. Value received. Upon the death of said Henry Kracke, this note is to become the property of, and payable on above conditions to, Lulu Homeyer, only child and heir of said Henry Kracke. Dated at Greenfield, Iowa, April 10, 1885.        WILLIAM HOMEYER."

The note matured, because of a failure to pay taxes under a condition of the mortgage, and not because of a demand for payment, as specified in the note. The answer is in two counts, each presenting matter for

counterclaim for board. The issue presented by the second count of the answer was tried, and a finding made favorable to the defendants. To the first count there was a demurrer, and the question to be considered will be best understood by setting out the count, and it is as follows:

"Count 1, paragraph 1. That, at the time of the execution of said note and mortgage, the defendant Wm. Homeyer was married to the plaintiff's daughter, Lulu, his only living child. Par. 2. That, as in said mortgage alleged, the same was given for the purchase money of the real estate therein described. Par. 3. That, at the date of the purchase of said real estate by the said defendant of the plaintiff, his (plaintiff's) wife was dead, and he himself was well along in years. Par. 4. That, as will be seen by reference thereto, it was provided in said mortgage and note that, at the death of the said plaintiff, the same should become the absolute property of his daughter, Lulu, the wife of the defendant Wm. Homeyer. Par. 5. That, in consideration of said stipulation in said note and mortgage, the defendant Wm. Homeyer verbally agreed with the plaintiff to keep and care for him during his lifetime. Par. 6. That the said stipulations in said note and mortgage were the inducement which caused the defendant Wm. Homeyer to purchase said land, and agree to board and care for the said plaintiff, without which he would never have purchased the same or executed said note and mortgage.. Par. 7. That, in pursuance of said understanding and agreement, the said plaintiff came and lived with the defendant Wm. Homeyer, and remained with him, and was boarded and cared for by him for the space of seven years. Par. 8. That, since making said agreement, the wife of the said Wm. Homeyer has died, and the plaintiff, without fault of the defendant, has gone to live elsewhere. Par. 9. The defendant alleges that the keeping and caring for

the plaintiff during the seven years aforesaid was reasonably worth the price of three dollars per week, no part of which has been paid." The court sustained the demurrer, and the appeal is from such ruling.

The point of contention is, does the answer present facts, which, if proven, would so contradict the terms of the note and mortgage as not to be permissible where oral evidence is relied upon to show the facts pleaded? It will be seen that the recovery for board is not based upon an agreement or right independent of the terms of the note and mortgage, but, by an express averment, [the right of recovery is made to depend upon the consideration for, what the answer terms, a "stipulation in said note and mortgage;" and the stipulation is that the note and mortgage should, at the death of plaintiff, become the property of the wife of Homeyer, who is a daughter of plaintiff; and an averment of the answer is "that said stipulation in said note and mortgage was the inducement that caused the defendant Wm. Homeyer to purchase said land, and to agree to board and care for plaintiff." By the terms of the note and mortgage it appears that Homeyer bought of plaintiff some land, for which he was to pay one thousand, one hundred dollars upon certain specified conditions as to time of payment, and that, if the note was not paid at the death of the plaintiff, it was to become the property of his daughter, who was defendant's wife, but who is now deceased. If the proofs are admitted to establish the averments of the answer, it will appear that plaintiff inserted the clause in the note by which the daughter was to have it at his death, because of an agreement by William Homeyer to board and care for him, and, as a result, defendant would be under obligation to board plaintiff for no other consideration than such stipulation. A very satisfactory test of the question under consideration will be to suppose this action to have been by defendant against plaintiff

for his board, as a right independent of the note, and that Kracke had pleaded as a defense the obligation of Homeyer to board him, because of the stipulation in the note. The effect would be to so change the note as to make it not only an obligation for the payment of the amount therein stipulated, but an obligation against Homeyer to board the payee of the note during his life, or until the note was paid. The right to make such a change in a written contract, by averments sustained only by verbal proofs, is not open to reasonable discussion. It would plainly violate the well known rule against such a change of written contracts. Such a change is exactly what defendant in this case desires to establish by such evidence, and it can be no more permitted in one case than in the other. We do not comprehend the necessity for defendant, in presenting his counterclaim for board, to in any way ingraft it on the terms of the note and mortgage. Why could it not have been pleaded as an obligation independent of the note, and have left to the plaintiff the task of avoiding a liability therefor, because of a stipulation in the note, if he claimed such an effect for it? The averments of the answer are such that evidence to establish a right of recovery will ingraft new conditions on the note and mortgage, and hence we are not able to regard it as an independent claim, as appellant claims it in argument. The judgment is AFFIRMED.