124  691
s131  419
124  691
f133  688

BERTHA O. GARVIK, Appellant, v. THE BURLINGTON, CEDAR RAPIDS AND NORTHERN RAILWAY COMPANY, Appellee.

Carriers: ASSAULT: PLEADINGS. In an action against a carrier for the assault of an employe on one of its passengers, where the case was submitted on the theory that defendant was liable for the assault, error in refusing to strike from the answer that portion denying liability for the assault was harmless.

Instructions: ASSAULT. In an action for damages, where the petition charges rape and also an assault, the plaintiff is entitled to an instruction authorizing recovery for the assault, although rape is not proven.

Submission of an agreed fact. Where an allegation of fact charged in the petition is admitted, it is error to submit the issue to the jury.

Instructions: AMBIGUITY. In an action for an alleged rape, an instruction regarding the consideration, as evidence, of anything discovered by the jury from an examination of the person of the defendant, is held ambiguous and erroneous.

Physical examination of defendant. In an action for an assault, where it was contended that the defendant was physically incapable of intercourse, it was error to permit the jury to examine defendant's private parts, on the grounds of indecency, that such evidence is not demonstrative in character, and especially, where there was no showing that the condition of the parts was the same as at the time of the alleged offense.

*Appeal from Linn District Court.*—HON. WM. G. THOMPSON, Judge.

WEDNESDAY, JULY 13, 1904.

ACTION at law to recover damages for an alleged assault made by one of the defendant's employes upon the plaintiff while a passenger on one of defendant's trains. Trial to a jury. Verdict and judgment for defendant, and plaintiff appeals.—*Reversed.*

*B. L. Wick* and *J. H. Crosby,* for appellant.

*Carroll Wright, John S. Dille,* and *S. K. Tracy,* for appellee.

DEEMER, C. J.— The petition alleges that while a passenger on one of defendant's trains from Cedar Rapids to Larchwood, Iowa, plaintiff entered a toilet room in one of

1. ASSAULT: pleading.

the coaches, and while there one of defendant's employes entered the room, locked the door, drew a knife, which he brandished in a menacing manner, and grasped plaintiff by the throat, which acts greatly frightened and terrified her, causing her to believe her life was in great danger. She also alleges that this employe thereupon had sexual intercourse with her, against her will, and that as result thereof a child was born. As a result of these matters, she alleged that she suffered great bodily and mental pain, and was put to large expense, and she asked damages from the defendant therefor. The defendant denied all allegations of the petition, and further pleaded that, if any assault was made by its employes, it was not responsible therefor. The testimony offered on behalf of plaintiff was in support of the allegations of her petition. Defendants, to meet this, produced testimony to show that the employe who it is claimed made the assault was so defective in his private parts that he could not have had intercourse with the plaintiff had he tried; and that, as a matter of fact, this employe did not assault the plaintiff. The case went to the jury on this evidence, resulting in a verdict for defendant. To that part of defendant's answer pleading irresponsibility for the alleged assault plaintiff filed a motion to strike, which was overruled. This motion should have been sustained, but, as the case was submitted to the jury on the theory that defendant was liable for an assault made by any of the employes upon its passengers, the error was without prejudice.

II.  By its instructions the trial court submitted the case to the jury on the theory that plaintiff could not recover unless she showed that defendant's employe committed a rape

**2. INSTRUCTIONS:** upon her.  Indeed, the whole case was tried as
**Assault.** if the charge was rape, and nothing else. Plaintiff asked this instruction:  "(2) It is the duty of the defendant to exercise the highest degree of care toward the plaintiff as long as she remained a passenger, and you are instructed that if it is admitted by defendant that she was such passenger, then she is entitled to safe carriage to the end of her destination, and if she, while such passenger, was assaulted by an employe of the defendant, then the defendant is liable for such assault and injuries sustained."  It should have been given.  Although the petition charges forcible defilement of the person, it also alleges an assault, and plaintiff was entitled to recover for an assault, even if she failed to show rape.  It is not necessary in every case for one to prove all the allegations of his petition.  Indeed, the statute expressly says that a party shall not be compelled to prove more than is necessary to entitle him to the relief asked, or any lower degree included therein.  Code, section 3639.  See, also, *Krejci v. R. R. Co.*, 117 Iowa, 344.

III.  It was admitted that the party charged with the assault was in the employ of the defendant as a brakeman at the time the assault is said to have occurred; yet, notwith-

**3. SUBMISSION** standing this, the court submitted that question
**OF AN AGREED** to the jury.  This was error.  The fact was
**FACT.** admitted, and should have been so stated in the instructions.  This is peculiarly so in this case, as the trial court copied the pleadings in full, and quoted defendant's answer verbatim.

This extract from the record discloses a part of the procedure:  " By Defendant's Counsel:  As a part of our case

**4. INSTRUCTIONS:** here, and as applicable to the evidence, we ask
**ambiguity.** that the jury go in and examine this man in one of these rooms.  (Mr. Dye consents to the examination.

Plaintiff objects to examination of Mr. Dye in the condition that Mr. Dye is in, for the reason that it has not been shown that Mr. Dye was in condition claimed by defendant on or before October 9, 1899; and the plaintiff objects to any examination at this time because it is done by the defendant for the sole purpose of prejudicing the jury, and it is incompetent, irrelevant, immaterial, and improper. By the Court: The court sustains the motion for an examination if the man Dye does not object. The plaintiff excepts. The Defendant's Counsel: The man Dye does not object.") At this stage of the proceedings the man Dye was conducted to the grand jury room, and submitted himself to an examination by the jury. In its instructions the trial court said with reference thereto: "You have been permitted to examine the person of Martin Dye, the person alleged to have raped the plaintiff. You will not consider as evidence anything you discovered in such examination, and you will only consider the same what is disclosed in evidence as to the condition and ability of the accused at the time to commit the act at the time alleged." This instruction may not have been correctly quoted, but in its present form it is decidedly ambiguous, and should not have been given.

The examination by the jury is also complained of. We do not think it should have been permitted. There was no showing that the private parts were in the same condition as they were when the assault is said to have been committed. Moreover, the ultimate question was not the exact condition of this member, but whether or not the owner was physically incapacitated from having sexual intercourse. We doubt if this could be determined by a nonexpert from a mere examination of his penis. Again the examination was indecent, and should not have been tolerated. As said by Ryan, C. J., in *Brown v. Swineford,* 44 Wis. 282 (28 Am. Rep. 582): "If the condition of any private part of the body of any party male or female is material on any trial it should be privately ex-

5. PHYSICAL EXAMINATION OF DEFENDANT.

amined by experts, out of court, and expert testimony be
given of it." He further said of such an examination as
was here made: " It was improper and indecent, well cal-
culated to disgrace the administration of justice, and to bring
it into ridicule, if not into contempt." In this case expert
witnesses were examined, and it was thought necessary for
them, after examining the witness' private parts, to give pro-
fessional opinions as to his ability to have sexual intercourse.
Wounds resulting from injuries may undoubtedly be ex-
hibited in open court to the jury, but even here no indecent
exposures should be made. There is also a species of evi-
dence denominated as " real," which may often be produced
before a jury; but we hardly think this case comes within
that rule. Authority to view the premises which obtains in
a certain class of cases will not sustain the procedure adopted
in this case. Moreover, the evidence was not demonstrative
in character. We have found no authority which justifies
the ruling made by the trial court, and doubt if there is any
to be found in the books. Be it remembered that plaintiff
was entitled to be present during the entire trial with her
counsel, and that there were others aside from the witness
Dye who were entitled to be present at the examination of his
private parts. Let it be said, once for all, that we cannot
lend our support to such a shocking and indecent perform-
ance as was permitted in this case.

For the errors pointed out, the judgment must be, and it
is, REVERSED.