THOMAS THOMPSON et al., Appellants, v. CALVIN B. FINCH,
Appellee.

**BILLS AND NOTES:** Conditional Delivery. It is a good defense to
1    an action by the payee on a promissory note that the note was con-
ditionally delivered, and that the condition has not been performed.

**FRAUD:** Financial Responsibility. Statements as to the financial re-
2    sponsibility of a named party may constitute representations of
a *fact.*

*Appeal from Story District Court.*—R. M. WRIGHT, Judge.

NOVEMBER 20, 1923.

ACTION by the payee against the maker of a promissory note.
Defendant answered that the note was executed and delivered
conditionally and that his signature was obtained through
fraudulent representation. Verdict of the jury finding in favor
of the defendant and judgment was entered accordingly. Plain-
tiffs appeal.—*Affirmed.*

*John Y. Luke,* for appellants.

*R. E. Nichol,* for appellee.

DE GRAFF, J.—Plaintiffs seek to recover a real estate com-
mission evidenced by the promissory note in suit. The defense
is predicated on the grounds (1) that there was a conditional

1. BILLS AND delivery of the note, and (2) that there was a
NOTES: condi- false and fraudulent representation inducing
ditional de-
livery. the execution of the note. An affirmative answer
to either of the questions presented by the issues precludes
plaintiffs' right of recovery. (1) Was there an oral agreement
between the plaintiffs and the defendant that the note should
not be paid until a condition had been performed, to wit: the
full performance of a land sale contract by the vendee? (2)
Did the defendant sign the note by reason of fraudulent repre-
sentations as to the financial responsibility of the vendee of the

land at the time of the execution of the land sale contract? The jury determined that the evidence was sufficient to support a verdict in favor of the defendant. The law of the case is elementary and upon a careful review of the record evidence we discover no reason to disturb the verdict returned.

Plaintiffs are real estate agents. The defendant listed his farm with them for sale at $322 an acre net to him. Plaintiffs were to receive as their commission or profit any amount over and above the net list sale price. The land was sold for $335 an acre, and the note was given by the defendant as evidence of the commission, but it is pleaded by the defendant in his answer "that at the same time it was agreed that said sum should be payable to the plaintiffs at the time when the said purchaser should make settlement in full." The purchaser of defendant's land failed, neglected and refused to complete the contract and by reason thereof the defendant alleges that he is not indebted to the plaintiffs because of "the failure of consideration in said note."

It is a good defense to an action on a promissory note that it was delivered conditionally and that the condition has not been performed. Section 3060-a16, Code Supplement 1913; *Mason v. Cater,* 192 Iowa 143; *Anthon State Bank v. Bernard,* 194 Iowa 1090. Testimony of this character does not do violence to the parol evidence rule, and it was for the jury to determine whether the note was delivered on the condition as pleaded. The jury found in favor of the defendant and the facts warrant this finding.

There is little occasion to lengthen this opinion by answering the second contention of appellant. The question of solvency or financial responsibility of a third person who enters into a contract with him to whom the representations are made as an inducement in the execution of a contract are not under all circumstances the mere expression of opinion. *Dilenbeck v. Davis,* 186 Iowa 30. Defendant pleads in answer that plaintiffs represented and stated to this defendant that the vendees (husband and wife) of the land "were financially responsible to carry out the contract of sale." It is not necessary to classify this statement in the catalogue as "high-pressure salesmanship." The parties herein

2. FRAUD: financial responsibility.

occupied a fiduciary relationship. Plaintiffs found a buyer unknown to the defendant and the latter was necessarily interested in the financial responsibility of the purchaser with whom he was about to deal through an agent. Under such conditions the principal is not bound to investigate the truth of the facts stated as an inducement for his signature to a contract, nor does it lie in the mouth of the agent to say that his statements should not have been believed by his principal. *Creamer v. Stevens,* 192 Iowa 920; *Davis v. Walker,* 191 Iowa 1268; *Rinella v. Faylor,* 190 Iowa 707; *Sutton v. Greiner,* 177 Iowa 532, *Riley v. Bell,* 120 Iowa 618.

The affirmative defenses tendered by the defendant find support in the evidence and it is not our province to disturb the findings of a jury under such circumstances. Wherefore the judgment entered is—*Affirmed.*

PRESTON, C. J., STEVENS and FAVILLE, JJ., concur.