INTERNATIONAL STOCK FOOD COMPANY, Appellant, v. F. E.
BESHEY, Appellee.

**TRIAL:** Instructions—Submission of Admitted Matters.  The submis-
1   sion to the jury of matters of fact which are admitted or other-
wise unquestioned, while always erroneous, does not necessarily con-
stitute reversible error.

**EVIDENCE:** Parol As Affecting Writings—Payment of Note.  Parol
2   evidence is inadmissible to show that an ordinary promissory note
is payable solely from the proceeds of the sale of certain goods.

Headnote 1:  4 C. J. p. 1033; 38 Cyc. p. 1618.  **Headnote 2:**  22 C. J.
p. 1255.

*Appeal from Hamilton District Court.*—S. A. CLOCK, Judge.

JUNE 25, 1925.

ACTION by payee on a promissory note.  The answer was a
general denial, and pleaded as an affirmative defense that the
note was executed and delivered conditionally.  The verdict
was in favor of defendant.  From judgment rendered on the
verdict, plaintiff appeals.—*Reversed.*

*C. E. Warner* and *Burnstedt & Hemingway,* for appellant.

*F. J. Lund,* for appellee.

ARTHUR, J.—I.  In the fall of 1920, defendant engaged as
the agent of plaintiff in selling certain stock foods and rem-
edies.  Some goods which had been delivered to a former agent
were turned over to defendant, and defendant received other
invoices of goods from the company.  Some of the goods were
disposed of, and the remainder were on hand, in the possession
of defendant, in the fall of 1921, when an agent of plaintiff's
called upon defendant for settlement and payment for the goods
which had been delivered to him, with the result that the note
in suit was given.  The petition was in the ordinary form, al-

leging that, on October 8, 1921, defendant executed and delivered to plaintiff his promissory note in the amount of $923.25, and that same was due and unpaid; and demanded judgment.

The answer alleged as an affirmative defense that said note was delivered conditionally only, and was not to become a binding obligation until certain conditions were performed by plaintiff; that defendant was induced to execute and deliver said note upon the specific agreement and promise of plaintiff, through its agent, to the effect that, if the defendant would execute said note, plaintiff, by its agent, would assist defendant in making sale of certain goods and collecting certain accounts for goods that had been sold, and that said note was not to become payable until such sales and collections had been made; that the note was never to be paid, except from the proceeds of the sale of the remedies; that said conditions were broken and not performed by plaintiff, in that plaintiff, through its agent or agents, did not assist or offer to assist in selling said remedies or collecting accounts for goods that had been sold.

On the trial, plaintiff offered the note in evidence, and rested. Defendant offered evidence in support of the allegations of his answer, showing the conditions under which the note had been signed and delivered to the agent of plaintiff. Plaintiff offered no further evidence, and moved for a directed verdict in its favor, which motion was overruled, and the case submitted to the jury.

II. Assignments relied upon for reversal are that the court erred in instructions placing the burden of proof upon plaintiff to establish that it was the owner and holder of the note in suit, and that the note was due and unpaid; that admission of testimony offered by defendant as to claimed conditional delivery of the note in suit over objections that it was an attempt to change, vary, and contradict, or to add to the terms of the note in suit by parol evidence, was error; and that the instruction submitting the issue of conditional delivery was erroneous for the same reason; and that overruling the motion to direct verdict was error.

1. TRIAL: instructions: submission of admitted matters.

III. Instruction 5 read:

"You are instructed that the burden of proof is upon the plaintiff to establish the allegation of its petition to the effect

that it is the owner and holder of the promissory note referred to in plaintiff's petition, and that the same is due and wholly unpaid. Now, if you find that the plaintiff has established said fact by a preponderance of the evidence, then you will give consideration to defendant's claims which are referred to in the instructions following herein.''

The answer admitted the ''execution and delivery of the note in suit, but avers that the execution and delivery thereof was conditional only,'' etc. Defendant testified, in substance, that the note was signed by him, and that no part of the note has been paid, and that he delivered the note to plaintiff's agent. Under the issues thus made by the pleadings and the evidence, there was no question for submission to the jury as to whether plaintiff was the owner and holder of the note and that the note was due and wholly unpaid. Those facts were admitted. It was error to submit the finding of said facts to the jury. It is error to submit to the finding of a jury matters which are conceded, or concerning which there is no controversy in the evidence. Some of the cases thus holding are: *Williams v. Iowa Cent. R. Co.,* 121 Iowa 270; *Garvik v. Burlington, C. R. & N. R. Co.,* 124 Iowa 691; *Loving v. Atlantic Southern R. Co.,* 184 Iowa 435.

But the further and important question is, Were the instructions so placing the burden upon plaintiff to prove said admitted facts prejudicial to plaintiff, so as to require reversal of the case? We think not. We think the jury could not have been misled by the instructions complained of. In stating the issues, the court set forth the answer in full and verbatim,—which was unnecessary and not a good practice,—wherein it is said that defendant ''admits the execution and delivery of the note in suit,'' etc.; and in his testimony defendant admitted the signing of the note, that he delivered the note to plaintiff's agent, and that no part of the note has been paid. The only disputed question in the case was as to the claimed agreement under which the note was made and delivered to Smoldt, the agent of plaintiff; and we think the jury could not have failed to understand that, in order to return a verdict for defendant, it must find, as clearly instructed by the court, ''that, at the time of the execution of the note, * * * it was agreed between the

defendant and the plaintiff company, acting through its agent, Smoldt, that the defendant would never have to pay said note, but that it was to be paid from the proceeds of the sale of the goods and the collections from sales already made, and that the said Smoldt would assist the defendant in making the sale of the said goods, or would sell said goods and assist in collecting enough money to pay said note, then and in that case, the plaintiff cannot recover in this case, and your verdict should be for the defendant.''

Authorities need not be cited to the point that, to justify reversal because of an erroneous instruction, it must appear that the instruction was prejudicial to the party complaining of it. We think the instruction, although erroneous, did not operate to the prejudice of plaintiff as to this particular point.

Appellee was permitted to testify to the conditions under which he signed and delivered the note in suit. His testimony, in substance, was that appellant's agent, Smoldt, promised that 2. EVIDENCE: the note would be paid out of collections of accounts for goods which had been sold, and the sale of goods on hand with appellee, and that Smoldt, or some other agent of appellant's, would assist appellee in selling the goods and making collection of outstanding accounts, before the note would have to be paid; and that appellee would not have signed the note if said promises had not been made to him; and that said promises had not been performed. This testimony was received over objections that it was incompetent, for the reason that it was an attempt to vary and contradict the terms of the note in suit by parol evidence; and the case was submitted to the jury upon said defense. In submitting this defense, the court instructed, in substance, that, if the jury found that, at the time of the execution of the note in suit, it was agreed between appellee and appellant company, acting through its agent, Smoldt, that appellee would never have to pay said note, but that it was to be paid from the proceeds of the sale of the goods and the collections from sales already made, and that Smoldt would assist appellee in making sale of said goods, or would sell said goods and assist in collecting enough money to pay said note, then appellant could not recover; but

that, if the jury failed to so find, appellant would be entitled to a verdict for the amount of the note.

Error is assigned to instructions, the substance of which is above set forth, on the ground that they permitted the jury to find for appellee in the event that they found that there was a promise made by appellant, through its agent, to the effect that the note need never be paid except from the collections and proceeds of the sale of goods. The same complaint is lodged against the instructions as against the testimony offered: that is, that they violate the parol-evidence rule. The evidence offered to sustain the claim of conditional delivery was incompetent, was clearly in violation of the parol-evidence rule, and it was error to receive it. The instructions submitting the defense of conditional delivery were erroneous for the same reason.

Some evidence was offered to the effect that the goods were not of the quality represented, and that results from the use of the stock food were not obtained as represented; but such evidence was withdrawn from the consideration of the jury, and the only defense submitted was the affirmative defense pleaded of conditional delivery. This question was before us in *Klemm v. Weil*, 194 Iowa 1073, where it was claimed that the note in suit was signed and delivered under practically the same conditions as it is claimed the note in the case before us was signed and delivered. In the *Klemm* case we said:

"It was an oral contemporaneous promise, and was as contradictory to the written undertaking of the note as it was possible to make it."

In *Smith v. Breeding*, 196 Iowa 670, a later case, where the same question was involved, we said:

"Appellants' claim is simply an attempt to change, vary, and contradict the terms of the written instrument by proof of a contemporaneous parol agreement."

Our holding here is not inconsistent with Section 3060-a16, Code Supplement, 1913, wherein it is provided that:

"The delivery may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument."

In the instant case, the property in the note was transferred. The note was admittedly *delivered*. The condition

claimed relates to the manner of *payment:* that is, that the note was to be *paid* only out of the proceeds of sale of goods or the collection of accounts. The statute does not abrogate the familiar rule that parol evidence is not admissible to change, vary, and contradict the terms of a written instrument.

Holdings in *Thompson v. Finch,* 196 Iowa 1013, and *Anthon State Bank v. Bernard,* 194 Iowa 1090, and other cases cited by appellee, are not contrary to our views in the instant case. In the *Thompson* case, the note was given as evidence of a real estate commission, and the condition pleaded was that it was agreed that the commission should be paid when the purchaser of the real estate should make settlement in full. The purchaser failed to complete the contract, and the signer of the note alleged that he was not liable, because of the failure of consideration in the note. There was no claim, as in the instant case, that the note was to be paid only from a particular fund, and in a manner contrary to its terms. In the *Anthon State Bank* case, the note was executed on the condition that it should not be effective if the stock for which the note was given was not resold within a stated time. The conditional delivery claimed was not that the note should be paid only out of a particular proceeds, as claimed in the case before us. The record furnishes no competent evidence to sustain the defense of alleged conditional delivery of the note in suit. The motion for directed verdict should have been sustained. The case must be, and is, reversed and remanded, with direction that judgment be entered in favor of appellant for the amount of the note sued on, with interest.—*Reversed and remanded.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.