F. H. KRUSE, Appellant, v. JOHN H. WICKHAM et al., Appellees.

No. 45187.

JUNE 18, 1940.

Bennett Cullison, George O. Hurley, and Ralph MacLean, for appellant.

Wright & Kistle, for appellees.

Ray Smith, for Pottawattamie County, appellee.

SAGER, J.—In the early part of 1933 and into January 1934, plaintiff was examiner-in-charge of a bank at Elk Horn, Iowa, which was in receivership. During much of the same period, the Wickhams, appellees (who will be spoken of as if the only defendants), were engaged in litigation in the federal

court involving such interests that, if they lost, they might not be able to pay plaintiff for the services to which we shall refer. Deeming an audit of certain books of account necessary, and the general assistance of one skilled as was plaintiff desirable, during the pending litigation, plaintiff was orally engaged by one of the attorneys for the Wickhams to make such audit and, in general, to hold himself in readiness for at least a year to render such assistance as might be required. Under the arrangement plaintiff was to continue in the discharge of his duties in connection with the receivership. At this point controversy arises.

Plaintiff says he was to be paid a flat rate of $200 per month for a year and that the mortgage was intended as the security for his payment. The attorney who made the contract testified that the time which appellant devoted to his duties at the bank was to be deducted and that plaintiff was to be paid at the rate of $200 per month for such time as was actually devoted to the service of the Wickhams. Plaintiff claims that the note is the direct obligation it purports to be. Appellees' attorney denies this and testified that he, being fearful lest his clients be unable to pay plaintiff his hire if the pending litigation should result adversely, caused appellees to give to plaintiff the note and mortgage as security for the payment of such services as he might render. It will be seen that the case here turns upon a question of fact. The record persuades us that appellees' version is correct; and that the court was right in dismissing the petition as it relates to the $2,400 note and mortgage.

The oral contract of employment referred to was entered into in March 1933. The note and mortgage were not executed until June. It is conceded that nothing in the way of consideration passed at the time the note and mortgage were executed. Neither plaintiff nor defendants undertook to do or withhold doing anything other than required by the oral contract entered into in March; and unless the instruments were given, as the Wickhams claim, as security, no considera-

**620**

tion for their execution can be found in the record. Moreover, month after month from April until December; plaintiff made monthly statements for services rendered and accepted checks for less than $200, but computed on the basis of $200 per month. At the time the mortgage was executed he had already been paid for work done since he entered into the contract on the same basis, this according to his own admission. No endorsements were made on the note when these payments were made nor at any time, though after this litigation was started in 1937 plaintiff offered to allow the payments to be deducted from his claim of $2,400. The trial court gave no intimation as to whether its decree was based on a failure of consideration or whether there had been a conditional delivery of the note and a discharge thereof by payment for the work done by plaintiff. However that may be, the decree was right on this branch of the case unless legal principles intrude to demand a different result. There will be found some confusion in our previous pronouncements. Language may be found in some of the cases which tend to support appellant's claim, but none cited by him demand a reversal under the circumstances presented by this record. These are his authorities:

Isaac & Co. v. Lindsey & Co., 188 Iowa 947, 176 N. W. 950; Mackie Mot. Co. v. Dearborn Truck Co., 192 Iowa 458, 185 N. W. 22; Cady v. Lyman, 198 Iowa 661, 200 N. W. 190; Randolph State Bank v. Osborn, 207 Iowa 729, 223 N. W. 493; Mason v. Cater, 192 Iowa 143, 182 N. W. 179; Cox v. Fleisher Const. Co., (Iowa), 217 N. W. 426; Kracke v. Homeyer, 91 Iowa 51, 58 N. W. 1056; Hills Sav. Bk. v. Hirt, 204 Iowa 940, 216 N. W. 281; and International Stock Food Co. v. Beshey, 200 Iowa 165, 204 N. W. 265.

As applicable in cases of this kind, we said in Oakland Cemetery v. Lakins, 126 Iowa 121, 123, 101 N. W. 778, 779, Deemer, C. J., speaking for the court:

"The general rule of inadmissibility of parol evidence to contradict, change, or vary the terms of a written instrument,

and the reasons underlying the same, are well understood; but there are certain exceptions to that rule, which are not so familiar to the profession, nor so well settled. There seem, however, to be two well-recognized exceptions which are applicable to this case. One is, parol evidence is admissible to show that delivery was subject to a condition that upon a certain contingency or event the contract should not be binding, and the other, such evidence is admissible to show that a note has been discharged by the performance of an undertaking which it was given to secure. Thus it may be shown that what purports to be a written obligation has been discharged in accordance with the terms of a collateral parol agreement. Sutton v. Griebel, 118 Iowa 78; Marsh v. Chown, 104 Iowa 556. In other words, it is always competent to show by parol the nondelivery of a written instrument, or the discharge thereof. And unless the instrument be under seal, nondelivery or a conditional delivery may be shown, even if the instrument be in the possession of the obligee or his assignee. So, also, the discharge of an instrument in writing may be shown by parol, although the transaction involves proof of a collateral parol agreement."

Appellant makes some complaint about a judgment in his favor having been entered on the smaller note. We do not extend this opinion to discuss his argument on this branch of the case because if the judgment is distasteful he may release it of record.

Finding the views of the trial court in accord with ours, its decree is affirmed.—Affirmed.

HAMILTON, C. J., and MILLER, MITCHELL, OLIVER, STIGER, BLISS, and HALE, JJ., concur.