ATKINSON v. BLAIR ET AL.

1. **Evidence:** PROMMISSORY NOTE. Parol evidence is not admissible to show that a note was not intended as a claim against the maker.

2. **Practice:** INSTRUCTION: VERDICT. In the absence of evidence to sustain a case, the court may instruct the jury to find for the defendant.

*Appeal from Lee District Court.*

THURSDAY, MARCH 19.

ACTION upon a promissory note. Verdict and judgment for plaintiff. Defendant appeals.

*W. J. Cochran* and *F. & F. H. Semple*, for appellant.

*Gilmore & Anderson*, for appellee.

BECK, J.—As a defense to the action defendants pleaded that the amount of money mentioned in the note was a gift by the decedent " in return for home comforts and necessaries of life bestowed upon her by defendants."

The evidence tended to show that the decedent had been on terms of friendship and intimacy with the defendants, had spent much time at their house, and had received there uniformly kind treatment. One witness testifies that he was present when the note in suit " was presented to the deceased,

who declined to take it until it was urged by defendants upon her as a provisionary memorandum against possible contingency, to-wit: a possible necessity for it before she died; that she had let Mrs. Blair, one of the defendants, have $200." Defendants proposed to prove by the same witness that deceased made a present of the $200 to defendants; that she had made her home with them for near three years before she made a gift of the money, and that, after this gift, defendants gave to deceased the note in suit, " telling her at the time they gave it to her, that it might be that at sometime she might become poor and need assistance, and in that case they claimed the right to pay her back the amount she had given them, and that she accepted the note with the distinct understanding that she was not to claim payment of it from defendants unless she should become poor afterwards and need it." Upon the objection of plaintiff the admission of this evidence was refused.

Upon the evidence admitted, above stated, the court directed the jury that under the issues made by the pleadings and the proofs, the plaintiff was entitled to a verdict.

The exclusion of the evidence above stated, and this instruction, are the grounds of objections raised by defendants to the judgment.

I.   The evidence sought to be introduced by defendants was designed to contradict the note, and substitute a new and different contract by oral testimony. This is for-1. EVIDENCE: promissory note. bidden by the most familiar rule of evidence. 1 Greenleaf's Ev., §§ 275–277. The testimony was properly excluded.

II.   It is claimed that the evidence tended to show a *donatio morti causa*. But we fail to find a syllable of evidence tending to sustain this position. Not a word is 2. PRACTICE: instruction: verdict. found in the abstract before us tending to establish the gift, or the condition and circumstances which must accompany the gift, in order to establish that it was in prospect of death. As there was an utter want of testimony to sustain the defense, it was proper for the court to so inform the jury, and direct a verdict to be rendered accordingly. Had there been *some* evidence—a conflict in the testimony, the instruction

would not have been proper. But in view of the facts disclosed by the evidence before us, we are required to uphold the ruling of the court below. Its judgment is therefore

AFFIRMED.