## FARMER v. PERRY ET AL.

1. **Promissory Note:** JOINT MAKER: CONSIDERATION. Where one signs a note secured by mortgage as a joint maker, either at the time of its execution by the principal maker or subsequently, in consideration of a waiver by the holder of a provision in the mortgage that the property shall be insured for his benefit, this is a good consideration for the signature by the joint maker.

2. ———: ———: CONTEMPORANEOUS ORAL AGREEMENT. In such case, where the joint maker is sued on the note, he cannot be allowed to prove on the trial an alleged contemporaneous oral agreement that he was to be liable only in case the property should be destroyed by fire.

*Appeal from Hamilton District Court.*

WEDNESDAY, DECEMBER 15.

THIS is an action in equity by which the plaintiff demands judgment on certain promissory notes, and a decree for the foreclosure of a mortgage on certain real estate given to

secure the payment of the notes. There was a judgment and decree for the plaintiff, and the defendant Gill Perry appeals.

*Martin & Wambach*, for appellant.

*J. W. Covil*, for appellee.

ROTHROCK, J.—The notes and mortgage were given to secure the purchase money for certain real estate upon which there was a mill. It was part of the original contract that L. G. Perry, the mortgagor and purchaser of the property, should keep the mill insured for the benefit of the plaintiff, the mortgagee. It was ascertained that the premium for the insurance of the mill was so high that an arrangement was made by which the appellant, Gill Perry, signed the notes, so that, on the face thereof, he appeared to be a maker; and, in consideration of his signature to the notes, the plaintiff waived the requirement that the mill should be insured. Appellant claims that he signed the notes long after they were executed by the principal maker, L. G. Perry, and that plaintiff parted with nothing because of appellant's signature. This averment of the answer is not supported by the proof, as the above statement of facts shows. The plaintiff waived the requirement that the property should be insured in consideration of appellant signing the notes; and it is hardly necessary to say that it is wholly immaterial whether this was at the time or after L. G. Perry signed the notes.

1. PROMIS-SORY note: joint maker: considera-tion.

Appellant sought to prove upon the trial that, when he signed the notes, it was orally agreed that his liability was to be the same as the liability of an insurance company; that he was only to be liable in case the property should be destroyed by fire. The evidence was inadmissible under the issues. The defendant could not vary the written contract by proof of a contempo-

2. ——: ——: contempora-neous oral agreement.

raneous oral agreement that his liability was to be other than that expressed in the writing.

A question is made as to the right of the plaintiff to commence an action on the notes on the theory that appellant was a maker, and to recover upon an agreement different from that upon which the petition is founded. The ready answer to this is that the recovery was neither sought nor obtained upon any other theory than that appellant signed the notes as maker.

The judgment of the district court will be

AFFIRMED.