M. M. CLARK v. WAITE H. SQUIER, Assignee.[1]

Nov. 5, 1895.

Nos. 9449—(65).

**Insolvency—Filing Claim.**

*Held,* on the facts appearing in this case, that the court below did not abuse its discretion when it denied a motion for leave to file with the assignee of an insolvent estate a claim against it after the statutory period, and another subsequent period fixed by the court, of which the then owner of the claim had notice, within which such claims should be filed, had expired.

Appeal by M. M. Clark from an order of the district court for St. Louis county, Moer, J. Affirmed.

*Cotton, Dibell & Reynolds,* for appellant.

*John H. Boyle,* for respondent.

COLLINS, J. Appeal from an order denying an application for leave to file with the assignee of an insolvent estate a claim against it after the statutory period in which to file claims had expired, and after another subsequent period, fixed by the court, of which the then owner of the claim had notice, had also terminated.

The claim was in the shape of a promissory note made by the insolvent, owned and payable to the order of a bank at Duluth, and matured a few days after the assignment, in May, 1893. Soon after taking the note, the bank obtained as security for its payment assignments of two claims held by the insolvent against a third party, and these claims were due from the latter on the same contract, and were of the same general character. The order of the court heretofore mentioned, of which the bank had notice, required all claims to be filed on or before March 20, 1894, but the bank paid no attention to it, relying upon its security. May 4 of the same year the assignee brought an action against the bank as provided in G. S. 1894, § 4243, to have one of these assignments annulled and adjudged void as a fraudulent preference. The action was duly tried and determined, and judgment entered in favor of the assignee July 19. Another action of the same nature to annul and adjudge void the other assignment was

[1] Reported in 64 N. W. 908.

brought by the assignee on July 30, but it does not clearly appear from the record before us what became of it. But we do not regard this as material. February 5, 1895, the bank indorsed and transferred the note to this appellant, and he forthwith made the application in question, which was heard and disposed of by the court February 16.

1. The claims assigned by the insolvent as security for the payment of the note were transferred to the bank at the same time, were against the same party, due upon the same contract, and were of the same general nature. The facts involved in the transaction were litigated and disposed of in favor of the assignee, judgment being formally entered against the bank July 19. The judicial determination then reached was that as to one of these securities the assignment to the bank was a fraudulent preference, forbidden by the insolvency act. We fail to see what further litigation there could be over the remaining security. Under these circumstances it must be held that the bank could no longer rely upon its security, and, further, that if it wished to participate in the distribution of the assets in the hands of the assignee it should have moved promptly to be relieved from the operation of the order, of which it had been seasonably advised, whereby the court had limited the period for filing claims, and which had expired some four months previously. The date of the entry of the judgment must be taken as the day from which claimant's delay must date, when we are considering its apparent laches, and no steps were taken looking towards relief until February 5, nearly seven months afterwards. In view of this seeming neglect and inexcusable delay, the court below did not abuse its discretion when it denied the application. Counsel for appellant contends that, as the bank had six months from July 19, within which to appeal from the judgment, neglect and delay should not be attributed to it until a reasonable time after January 20, 1895. If an appeal had been taken in good faith, there might be some question on this, but there was no appeal, and to give to their client the benefit of the period within which to take an appeal never taken, presumptively because useless, would be a very novel ruling. It is also urged that the court below erred because at the time of the hearing no part of the proceeds of the assets had been distributed among creditors. This fact was for the consideration of the court, but could not altogether control its discretion.

2. Because counsel seem to lay some stress upon it, we allude to

the fact that the appellant purchased this note for value in February, 1895, long after the assignment in insolvency, after the order of the court adverted to, and after the entry of judgment in the action brought to determine the right of the bank to hold the security, and, as he states in his affidavit, among the moving papers, without notice or knowledge of the insolvency of the maker.    It ought not to be necessary for us to say that appellant stands in the shoes of the bank.    His rights are the same, and in no respect greater or different, and he took the note subject to all objections then existing to its being filed as a claim against the estate.

Order affirmed.