AUGUST RICHTER v. MERCHANTS NATIONAL BANK OF ST. PAUL.[1]

June 19, 1896.

Nos. 10,082, 10,083—(168, 300).

Insolvency—Filing Claim—Appealable Order.

An order denying the petition of a creditor in insolvency proceedings to be permitted to file his claim for allowance with the assignee after the expiration of the time limited is appealable, but an order granting such petition is not appealable, as it can be reviewed on appeal from the judgment establishing the creditor's claim.

[1] Reported in 67 N. W. 995.

**Same—Discretion of Court.**

> The making of an order granting or refusing such petition is a matter of discretion with the trial court, and the order will not be set aside on appeal unless there was a clear abuse of such discretion. *Held*, further, that the trial court did not abuse its discretion in permitting the claimant herein to file his claim with the assignee after the time limited had expired.

In the matter of the assignment of Frank Nicolin, insolvent, the district court for Scott county, Cadwell, J., made an order granting the petition of August Richter, a creditor of the insolvent, for leave to present his claim to the assignee of the insolvent for allowance. From the allowance of the claim by the assignee The Merchants National Bank of St. Paul, a creditor of the insolvent, appealed to the district court, where judgment was entered in favor of Richter. From the order and from the judgment the bank appealed.    Affirmed.

*Davis, Kellogg & Severance*, for appellant.

*Peck & Hutton*, for respondent.

START, C. J.    The insolvent in this matter, on March 27, 1893, made an assignment for the benefit of his creditors under the insolvency laws of the state.    On April 23, 1894, the district court made its order requiring that all claims against the estate of the insolvent be presented to the assignee on or before June 1, 1894, and further directed that notice of the order be given by publication and by mailing a copy thereof to each of the creditors of the insolvent known to the assignee.    On August 12, 1895, the claimant herein presented his petition to the district court for leave to file his claim with the assignee for allowance.    The court, upon a hearing of said petition, on notice to all parties interested, on September 16, 1895, made its order granting the petition, from which order the appellant, a creditor of the insolvent, appealed to this court.    The assignee allowed the claimant's demand, and from such allowance the appellant appealed to the district court, where a trial was had, and judgment entered in favor of the claimant, establishing and allowing his claim in the sum of $10,055.45.    From this judgment the appellant appealed to this court.

1. The respondent makes the point that the order permitting the claimant to file his claim with the assignee for allowance is not an

appealable order. An order denying an application of a creditor to be permitted to file his claim with the assignee for allowance after the expiration of the time limited for the filing of claims by creditors is an appealable one. It is final, and puts an end to any further proceedings; and, if the making of the order is an abuse of discretion, the only way to review it is by an appeal from it. But an order granting such leave is not appealable, for it is not final. The claim may never be allowed, and, if it is allowed by the final judgment of the court, and the making of the order was an abuse of discretion, it may be reviewed by an appeal from the judgment. The petition, order, trial, and judgment are all parts of one case or proceeding, —that is, the insolvency proceeding,—and by means of a bill of exceptions or settled case, containing a record of the proceedings of the court with reference to the making of the order, it may be reviewed on an appeal from the judgment.

2. The practical administration of our insolvency law in many particulars is committed very largely to the discretion of the district courts of the state. Especially is this true as to the marshaling of the assets of the insolvent, and ascertaining the creditors and the amount of their claims. The making of an order of the district court granting or refusing a creditor leave to present his claim to the assignee for allowance after the expiration of the time limited for so doing is a matter of discretion on the part of the court, and it will not be set aside on appeal to this court, unless there was a clear abuse of such discretion in making it.

On the merits the only question presented by these appeals is whether the making of the order in question was an abuse of discretion on the part of the trial court. We are of the opinion that it was not. No question is here made, or was in the court below, as to the bona fides of the appellant's demand. It is admitted to be an honest claim. Nor is it claimed that the appellant or any other creditor is prejudiced by the allowance of this claim, except that it increases the liabilities of the estate, whereby the dividend to creditors will be in some measure reduced. It is also apparent from the record that the making of the order in no manner delayed the settlement of the estate, as no dividends had been made, and a large part of the assets remained to be converted into money at the time the order was made. The claimant's excuse for not sooner present-

ing his claim is that he had no notice of the order which limited the time for filing claims to June 1, 1894, and that he first learned of the making of such order on August 12, 1895, the day on which he made his petition. The court granted his petition for this reason. It is true, as claimed by appellant, that the statute does not require the making of an order limiting the time in which creditors must present their claims, but the practice of making such an order and providing for the giving of notice thereof to creditors has been in vogue in many, if not all, of the judicial districts of the state for a number of years, and it is a fact that the court did make such an order in this case, and we are not prepared to say, in view of the admitted facts of this case, that it was an abuse of the court's discretion to permit a creditor who had no notice of the making of the order to prove his claim 14 months after the expiration of the time limited in the order.

Order and judgment affirmed, with statutory costs to respondent on one appeal only.