# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

---

PORTER J. NEFF v. GEORGE F. CLARK.[1]

May 19, 1905.

Nos. 14,310—(129).[2]

**Appeal—Creditor's Claim.**

> An order granting or refusing the petition of a creditor in insolvency proceedings to be permitted to file his claim for allowance with the assignee after the expiration of the time limited to do so is a matter within the discretion of the trial court, and the order will not be reversed on appeal unless there be a clear abuse of discretion.

**Denial of Petition.**

> The trial court did not err in denying the petition of claimant herein for leave to file his claim.

Petition to the district court for Blue Earth county by Porter J. Neff, as receiver of Motor Line Improvement Company, for permission to file his claim with the assignee of John A. Willard, insolvent, the time limited for filing claims having expired. The assignee and Walter J. Johnson, one of the creditors of the insolvent estate, filed objections. From an order, Quinn, J., sitting for the judge of the Sixth judicial district, denying the petition, plaintiff appealed. Affirmed.

---

[1] Reported in 103 N. W. 562.          [2]April, 1905, term.

95 M.—1

*Porter J. Neff,* pro se.

*W. E. Young* and *J. B. Richards,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Blue Earth denying the petition of the appellant for leave to file his claim with the assignee of the estate of John A. Willard, insolvent, after the expiration of the time limited for filing claims by creditors.

The record is obscure and indefinite in some particulars, but the facts following, in the absence of any attempt on the part of the appellant to deny the allegations of the respondent, may be fairly inferred therefrom, namely: In the year 1897 John A. Willard made an assignment of his property for the benefit of his creditors, pursuant to the insolvency laws of this state, to George F. Clark, respondent herein. Prior to this time he was a stockholder of the Motor Line Improvement Company, hereafter referred to as the "corporation." He held one hundred twenty shares of the capital stock of the corporation of the par value of $100. The corporation was then insolvent and unable to carry on its business without the personal indorsement of its negotiable paper by its directors. Thereupon ten of its directors, of whom Willard was one, indorsed the several promissory notes of the corporation for its accommodation to an amount in the aggregate exceeding $40,000. These notes were also indorsed by Guilford G. Hartley, and Joseph Selwood, respectively, who were also directors of the corporation. The notes were never paid by the corporation, and the full amount thereof was proved and allowed as a claim against the estate of John A. Willard, insolvent, upon which two dividends have been paid by the assignee. The estate has not been closed, and a final dividend has not yet been declared. Hartley and Selwood each knew of the insolvency of the corporation, and also of the pendency of the insolvency proceedings under the assignment of Willard prior to 1898. They compromised and settled their respective liability as indorsers on the note of the corporation by payment to the holders thereof between January 1, 1900, and February 15, 1902, their pro rata share of the indebtedness represented by the notes, and were released from further liability thereon. On March 11, 1903, they commenced an ac-

tion in the district court of the county of St. Louis against the corpora-
tion, and on May 15, 1903, recovered judgment for the amount so paid
by them as its sureties. In proceedings to charge the stockholders of
the corporation for the debts against it to the amount of their stock,
the appellant was appointed receiver on July 24, 1903, and on August
20, 1904, as such receiver, he obtained a judgment assessing each share
of the stock of the corporation $100 to pay its debts. On December
26, 1904, he presented his petition to the district court of the county
of Blue Earth to be permitted to prove his claim as receiver for $12,-
000, based upon such assessment of stock against the insolvent estate
of Willard. Hartley and Selwood are the sole beneficiaries of the
proceedings to enforce such liability of the stockholders of the cor-
poration. The petition was denied January 16, 1905.

It is clear that, if the petition was one addressed to the discretion
of the trial court, the discretion was not abused, and the order must
be affirmed. This the appellant conceded on the argument. He, how-
ever, claims that his right to file and prove his claim was not a matter
of discretion with the court, but that he had a strict legal right so to
do, because the time limited for filing claims expired before he was ap-
pointed receiver and before any assessment of the stock of the cor-
poration had been made. Nevertheless the making of an order grant-
ing or refusing a creditor's petition to file his claim for allowance by
the assignee in insolvency proceedings after the expiration of the time
limited for the filing of claims is within the discretion of the trial
court, and its decision will not be set aside on appeal unless the mak-
ing of the order was an abuse of discretion. Clark v. Squier, 62 Minn.
364, 64 N. W. 908; Richter v. Merchants Nat. Bank, 65 Minn. 237,
67 N. W. 995.

It may be conceded that in insolvency proceedings, where a claim
appears to be not only a legal but a just one, and the creditor has not
been guilty of laches in failing to file it within the time limited because
it could not have been sooner reduced to a provable form, it would
be an abuse of discretion for the court to deny his petition to be al-
lowed to file his claim after the expiration of the time. But such is
not this case, for upon the undisputed record the trial court might
well have found that the claim sought to be proven, although techni-

cally a legal one, was nevertheless a grossly inequitable one, subjecting the estate of the insolvent to a double liability for the same indebtedness in favor of his co-sureties, who paid only their pro rata share of the common liability. It is urged by the appellant that the court could not take this into consideration in passing upon his petition, for the equities, if any there be, must be adjusted on the hearing of the claim. Where a party is in default, and asks the court to relieve him, it is always proper for the court to consider the equities of his demand in exercising its discretion, and especially so where the claim is technically a legal one, but in fact inequitable. Again, the court would have been justified in finding that the real parties in interest, who alone could and did put in motion the procedure which resulted in the appointment of the appellant as receiver, were guilty of laches. The trial court did not abuse its discretion in denying the petition.

Order affirmed.