Sardine Smith, Appellee, v. Charles Breeding et al.,
Appellants.

**BILLS AND NOTES:** Holdership in Due Course—Fraud. Breach of a
1    parol agreement, made when a negotiable promissory note was
executed, not to hold the makers of the note personally liable, but to
look only to the mortgage security, does not constitute a fraud
"in the inception of the note."

**EVIDENCE:** Parol as Affecting Writings. Evidence to the effect that,
2    contemporaneously with the execution of a negotiable promissory
note, the payee orally agreed to look solely to the mortgage security
for payment is inadmissible, in the absence of a plea that the note
was *delivered on such condition.*

**BILLS AND NOTES:** Holdership in Due Course—Indorsement "With-
3    out Recourse." The fact that a negotiable promissory note has been
indorsed "without recourse," prior to a purchase thereof, is not a
circumstance tending to dispute the plaintiff's holdership in due
course.

*Appeal from Madison District Court.*—Lorin N. Hays, Judge.

October 16, 1923.

Action to recover interest due on a promissory note. De-
fendants pleaded that plaintiff was not a holder of the note in
due course, and that, at the time the note was given, the same
was secured by a mortgage on certain real estate, and that the
original payee of the note, at the time of the execution of the
same, orally agreed with the makers to look entirely to the mort-
gage security for the payment of said note. The court sus-
tained plaintiff's motion for a directed verdict, and the defend-
ants appeal.—*Affirmed.*

*A. W. & Phil R. Wilkinson,* for appellants.

*Leo C. Percival,* for appellee.

Faville, J.—I. On September 25, 1918, the appellants
executed and delivered to one W. E. Tucker, Jr., their certain

promissory note for the principal sum of $1,880, due September

**1. BILLS AND NOTES: holdership in due course: fraud.** 25, 1923, with interest at 7 per cent per annum from date, payable semiannually. This action is brought to recover an installment of interest claimed to be due and unpaid. Previous installments have been paid by appellants. Appellants admit the execution of the note in question, and plead that, at the time the same was executed, as part of the same transaction, they purchased certain real estate from Tucker, the payee of said note, and as part payment for said real estate executed and delivered to Tucker the note in suit, which was secured by mortgage upon the purchased real estate. It is appellants' contention that, at the time of the execution of said note and mortgage to Tucker, the latter orally agreed with the appellants that he would look entirely to said mortgage security for payment of said note, and would not hold the appellants personally liable on the note in suit.

It appears from the evidence that the note passed through the hands of three indorsers, before the same was transferred to the appellee. Each of the indorsements was made without recourse, and the transfer to the appellee was made by manual delivery of the note, and without indorsement thereon. The appellants contend that the negotiation of the note in violation of the alleged contemporaneous parol agreement to look only to the mortgage security for payment of the same, constituted a

**2. EVIDENCE: parol as affecting writings.** fraud in the inception of the note, and that the appellants were entitled to go to the jury on the question of whether the appellee was a purchaser in due course.

In the first place, the alleged breach of the claimed contemporaneous parol agreement not to hold the makers of the note personally liable thereon, but to look only to the security under the mortgage, did not constitute fraud in the inception of the note, and proof of such alleged contemporaneous parol agreement was not available to the appellants, to defeat the terms and provisions of the note. In its last analysis, appellants' contention is no more than that they executed and delivered a negotiable promissory note, secured by a mortgage on real estate, and that the payee of said note orally agreed, at the time, that the makers would not be personally liable upon the

instrument which they had so executed. The appellants neither pleaded nor proved a conditional delivery of the note. Appellants' claim is simply an attempt to change, vary, and contradict the terms of the written instrument by proof of a contemporaneous parol agreement. The case comes squarely within the rule laid down by us in the recent case of *Klemm v. Weil*, 194 Iowa 1073, wherein we said:

"The alleged false representation to the effect that the defendant need never pay the note 'was not a representation at all, in a legal sense. It was an oral contemporaneous promise, and was as contradictory to the written undertaking of the note as it was possible to make it. * * * If there were other evidence of fraud, the making of such promise could be considered on the question of fraud; but it does not, of itself, constitute a representation, either fraudulent or otherwise. * * * In the absence, therefore, of any pleading of conditional delivery, defendant's evidence of the contemporaneous oral agreement was wholly ineffective."

See, also, *Atherton v. Dearmond*, 33 Iowa 353; *Atkinson v. Blair*, 38 Iowa 156; *Barhydt v. Bonney*, 55 Iowa 717; *Dickson v. Harris*, 60 Iowa 727; *Farmer v. Perry*, 70 Iowa 358; *DeLong v. Lee*, 73 Iowa 53; *Chapman v. Chapman*, 132 Iowa 5; *State Bank of Iowa Falls v. Brown*, 142 Iowa 190.

II. The undisputed evidence shows that the appellee purchased the note in due course and for a valuable consideration. There was no evidence of any facts or circumstances to submit to the jury the question of whether or not the appellee was a purchaser in good faith. It is true that we have held that, even though the holder of a negotiable promissory note may testify that he was a purchaser in due course, there may be such facts and circumstances shown in the record as would carry this question to the jury for their determination. *Connelly v. Greenfield Sav. Bank*, 192 Iowa 876; *Farmers Nat. Bank v. Pratt*, 193 Iowa 406. But there was no evidence in the record in the instant case of any fact or circumstance that could carry to the jury the question of whether or not the appellee was a purchaser in good faith. The fact that the note had been indorsed by prior indorsers without recourse was not even a circumstance to dis-

3. BILLS AND NOTES: holdership in due course: indorsement "without recourse."

pute the appellee's claim of being a purchaser in good faith. Such indorsement was not sufficient to put a purchaser on inquiry or to constitute notice to him. *Borden v. Clark,* 26 Mich. 410; *Kelley v. Whitney,* 45 Wis. 110; *Stevenson v. O'Neal,* 71 Ill. 314.

There was no defense pleaded or proved that would defeat appellee's right to recover for the installment of interest due on the note. The trial court correctly directed a verdict in favor of the appellee for the amount so due, and the judgment appealed from is, therefore,—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.