HILLS SAVINGS BANK, Appellee, v. F. C. HIRT et al., Appellants.

BILLS AND NOTES: Consideration—Note to Remedy Impairment of
1   Bank Assets. Promissory notes are supported by adequate consideration when executed and delivered to a bank by a director or stockholder thereof for the purpose of preserving the bank as a going concern and of making good certain impaired assets of the bank.

BILLS AND NOTES:   Delivery—Right to Show Conditional Delivery—
2 Limitation.  The statutory right of the maker of a negotiable
promissory note to show, against non-holders in due course, that
the delivery of the note was on a condition, and not for the pur-
pose of transferring the property in the instrument, does not em-
brace the right of the maker of an admittedly delivered note to
show that the note *was not to be paid according to its terms:* e. g., that
a director's note to a bank was to be paid by an assessment on the
stockholders, or out of the future earnings of the bank, or was not to be
paid at all, unless the bank was forced into liquidation.  (See Book of
Anno., Vol. II, Sec. 9476.)

Headnote 1:  8 C. J. p. 214 (Anno.)   Headnote 2:  22 C. J. pp. 1076,
1077, 1095, 1152, 1255.

Headnote 2:  18 L. R. A. 289; L. R. A. 1917C, 306; 20 A. L. R. 430;
3 R. C. L. 862.

*Appeal from Johnson District Court.—*Ralph Otto, *Judge.*

November 22, 1927.

Action on three promissory notes.  Directed verdict for the
plaintiff.  The defendant F. C. Hirt appeals.—*Affirmed.*

*A. E. Maine* and *Walter M. Davis,* for appellants.

*Wilson & Evans* and *Messer, Clearman & Olsen,* for appel-
lee.

Wagner, J.—There are involved in this appeal only the
rights as between the appellee bank and the appellant F. C.
Hirt.  For more than twenty years, the appellant has been a
stockholder in and director of the bank.  The
1. BILLS AND
NOTES: con-
sideration: note
to remedy im-
pairment of
bank assets.
action, in so far as the matters herein involved
are concerned, is founded upon three promis-
sory notes signed by the appellant.  It is appar-
ent that, at the time of the execution of said notes, there were
grave fears in the minds of the directors of the bank as to its
being able to weather the storm which in recent years has caused
receivership proceedings over many of our banking institutions.
On June 27, 1924, after an examination of the appellee bank by
an examiner, an instrument was signed by the appellant and
the remaining five directors, which provides, among other
things, as follows:

"Whereas, the Hills Savings Bank of Hills, Iowa, has recently been examined by the banking department of the state, and it has been found by a representative of said department that there is a large volume of the assets of the said bank which are of doubtful value and unfit for said bank to rely upon for the payment of its depositors; and

"Whereas, it is the desire and duty of the directors of said bank to replace the said doubtful, objectionable and illegal assets by good assets and to thus correct what appears to be an insolvent or unsafe condition of the bank:

"It is agreed, and the said directors whose names are signed hereto do, in their individual capacities purchase of said bank, without recourse upon, or claim upon said bank of any kind or nature, the list of assets or papers hereto attached marked Exhibit 'A' and made a part of this agreement said list aggregating the sum of $25,160.16. The said purchase is made by the directors signing their names hereto * * *.

"It is further agreed that no notes or bills purchased by the directors hereunder shall again at any time reappear in the assets of said Hills Savings Bank."

At that time, the notes listed in Exhibit A in the aforesaid amount were charged off the books of the bank as bills receivable, and on the same date, as a part of the same transaction, each of the directors executed his note to the bank for one sixth of the amount charged off, to wit, $4,193.34, due one year thereafter, each individual note being indorsed by the remaining five directors. The appellee, in one count of its petition, asks judgment against the appellant for the amount due upon his $4,193.34 note.

Concurrently with the execution of the aforesaid written instrument, another one was signed by the directors of the bank, which provides as follows:

"Whereas, the aforementioned parties of the first part are officers, directors, stockholders or other parties interested in the said party of the second part; and

"Whereas, the superintendent of banking has, by his examiners, recently made an examination of the affairs of said party of the second part, and has expressed the view and opinion that the following described bills receivable or other assets of the

party of the second part are of doubtful value (a list of said assets being attached hereto and identified as 'Exhibit A') :

"Now therefore, for and in consideration of the sum of one dollar ($1.00) to each of the parties of the first part, in hand paid, and in consideration of the signing of this agreement by the other parties of the first part whose signatures are attached hereto, and for other valuable considerations in hand received, receipt of which considerations is hereby acknowledged by each of the parties of the first part, the said parties of the first part jointly and severally hereby guarantee payment on or before two years from this date of each and every of said bills receivable or any renewals of the same, and hereby waive notice of the acceptance of this guaranty and agree that this guaranty shall continue in full force and effect until the bills receivable or renewals thereof have been fully converted into cash."

Listed in Exhibit A, which is a part of said written instrument, are certain "Smith notes," in the sum of $27,032, it being stated in said exhibit that the portion guaranteed is $15,000. The aggregate amount of the notes referred to in said exhibit, as guaranteed by the directors, is $48,042.08.

On February 18, 1925, settlement having been made by the bank with Smith, whereby he paid all amounts due on said bills receivable, except the sum of $15,000, each of the directors of the bank executed unto the appellee his note for $2,500, due one year thereafter, and the aforesaid $15,000 was charged off the books of the bank, and the six $2,500 notes of the directors were listed among its bills receivable, as assets of the bank. The appellee, in a separate count of its petition, asks judgment against the appellant on his $2,500 note.

It also appears that one Birke was indebted to the bank in the sum of $8,750, which indebtedness was worthless, and the six directors executed their joint note for said amount, due on demand, and the Birke note was charged off as a portion of the bills receivable of the bank, and the directors' note for the same amount was included among the bills receivable, as the assets of the bank. It appears that the five sixths of said note have been paid, and the appellee, in a separate count of its petition, asks judgment against the appellant Hirt for his portion of said indebtedness.

The answer of the appellant with reference to the several

counts of the petition, when stripped of its redundancy, is, in substance, as follows: He admits that he executed and delivered to the appellee his $4,193.34 note, but avers that said note was executed without consideration, and purely as an accommodation note, and pursuant to an agreement entered into between him and the remaining directors that they should not be obliged to pay the same unless the said bank went into liquidation, and that the same should be paid out of the future earnings of the bank, or from an assessment to be subsequently made on the stockholders.

Answering the count on which judgment is asked on the $2,500 note, he alleges, in substance, that it was executed and delivered for the purpose of avoiding the charging off of the $15,000, and for the purpose of avoiding the immediate impairment of the capital of the bank, and for the purpose of preventing its liquidation, and pursuant to an agreement that he should not be required to pay the same, unless the bank was forced into liquidation; and that said note was to be renewed, from time to time and ultimately paid out of the future earnings of the bank, or out of subsequent assessments to be made upon the stockholders; and that said note was executed as an accommodation to said bank.

Answering the count on which judgment is asked on the $8,750 note, he pleads, in substance, that said note was executed and delivered to the plaintiff bank, to be held by the bank as a temporary asset, and that it was to be renewed, from time to time, until the same might be paid out of the future earnings of the bank, or out of a subsequent assessment to be made upon the stockholders, and that the same was an accommodation note, and without consideration.

The various portions of the answer were attacked by the appellee, by motion to strike; and, this motion being overruled, the appellee filed reply containing affirmative defensive averments as to the matters alleged in appellant's answer; but because of our conclusion on the issues raised by the appellant's answer, we deem it unnecessary to announce its allegations.

The appellant complains of the directed verdict on appellee's motion, and of certain rulings of the court with reference to the introduction of testimony.

The record shows that the appellant was a director of and

stockholder in said bank, and had been for years, and that, at the time in question, it was in a weakened condition; that he was a member of the examining committee of said bank; that he was interested in seeing the bank keep open and continue to transact business; that he joined in the execution of the written instrument on June 27, 1924, by which he and the other directors purchased the notes therein mentioned, and for which their notes were executed; that he united with the other directors in the execution of the other written instrument, by which he agreed to guarantee the payment of the $15,000 Smith indebtedness, or to indemnify the bank against loss arising therefrom; that, as a member of the examining committee of the bank, on December 10, 1924, he made sworn statement to the superintendent of banking, in which he includes among the assets of said bank the aforesaid directors' note of $8,750, and his notes, amounting to $6,090.34, and in which he states that the "Smith paper" is paper upon which the bank should procure ample or additional security.

The interest of a stockholder in preserving the bank as a going concern and in preventing the impairment of its capital is sufficient consideration for a note given for said purpose, and to take the place of bills receivable charged off the books of the bank. *In re Estate of Prunty,* 201 Iowa 670. In *Union Bank v. Sullivan,* 214 N. Y. 332 (108 N. E. 558), it is held that, where some of the listed assets of a bank were worthless, and stockholders and directors gave a note to the bank, to protect its credit by reason thereof, the note was supported by a valuable consideration. The court said:

"Thus a contract was made upon a sufficient consideration between the maker and indorsers of the note, on the one hand, and the bank, a body corporate, on the other. Certainly, those who became liable on the note secured a distinct benefit, which accrued directly from the contract. Each share of stock which they held represented an aliquot part of the bank's assets, and whatever increased the assets benefited the holders of the stock."

When we take into consideration the weakened condition of the bank, and the interest which appellant had as a stockholder in the bank's continuing to be a going concern, and in the two written instruments hereinbefore mentioned, it cannot be claimed that there was no consideration for any of the notes upon which

this action is founded. Since there was a consideration for the notes, they were not accommodation notes.

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person." Section 9489, Code of 1924.

"Value is any consideration sufficient to support a simple contract." Section 9485, Code of 1924.

Therefore, the court did not err in refusing to submit to the jury the questions as to whether the notes were without consideration, and were accommodation notes.

The appellant offered testimony with reference to the remaining allegations of his answer, which testimony was excluded.

The appellant apparently relies upon the conditional delivery statute, Section 9476, Code of 1924, which provides that, as between immediate parties, the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument; but from the inspection of his answer it at once becomes apparent that the allegations thereof do not place him in a position to invoke the benefit of said statute. In the instant case, the notes were admittedly delivered, and the property in the notes was transferred to the bank; and what the appellant relies upon to defeat the notes is nothing more than that they were not to be paid according to their terms. See *International Stock Food Co. v. Beshey*, 200 Iowa 165. There is a vast distinction between conditional delivery and an agreement that there should be liability only in a certain event.

2. BILLS AND NOTES: delivery: right to show conditional delivery: limitation.

"Parol evidence is admissible to show conditions relating to the delivery or taking effect of the instrument, as that it shall only become effective upon certain conditions or contingencies, for this is not an oral contradiction or variation of the written instrument, but goes to the very existence of the contract, and tends to show that no valid and effective contract ever existed; but evidence is not admissible which, conceding the existence and delivery of the contract or obligation, and that it was at one time effective, seeks to nullify, modify, or change, the character of the obligation itself, by showing that it is to cease to be effective or is to have an effect different from that stated therein, upon

certain conditions or. contingencies, for this does vary or contradict the terms of the writing.'' 22 Corpus Juris 1150, 1151.

See, also, *Farmer v. Perry*, 70 Iowa 358; *Atkinson v. Blair*, 38 Iowa 156.

That parol evidence is not admissible to vary the terms of a written instrument unless conditional delivery is properly pleaded, see *International Stock Food Co. v. Beshey*, supra; *Smith v. Breeding*, 196 Iowa 670; *Klemm v. Weil*, 194 Iowa 1073.

That parol evidence is inadmissible to show that an ordinary promissory note to a corporation was to be paid from the earnings of the corporation, see *Mechanics Sav. Bank v. Gish*, 200 Iowa 463.

It is obvious that parol evidence is not admissible to show that the promissory note of the maker was to be paid by an assessment subsequently to be made on the stockholders of the bank. Parol evidence is inadmissible to show that payment was to be made only out of some particular fund. 22 Corpus Juris 1076; *VanVechten v. Smith*, 59 Iowa 173; *McKee v. Needles*, 123 Iowa 195.

Manifestly, parol evidence is not admissible to prove that the notes were not to be paid unless the bank was forced into liquidation, for the same rule is applicable thereto. *Clark v. Squier*, 62 Minn. 364 (64 N. W. 908).

When a promissory note is made payable at a day certain, parol evidence is not admissible to show a contemporaneous or antecedent agreement, by which the note was to be renewed when it became due. *Kennedy v. Gaddie* (Ky.), 32 S. W. 408; *Commercial Nat. Bank v. Hutchinson B. B. & P. Co.*, 98 Kan. 350 (158 Pac. 44) ; 22 Corpus Juris 1095.

Thus, it is apparent that the lower court was correct in its rulings in excluding the offered testimony; and, the appellant not having made out a case on any issue tendered by his answer, the trial court would not have been justified in submitting the case to the jury. All rulings of the trial court with reference to the introduction of testimony of which complaint is made, have been considered by us, and appellant's contention is without merit.

Our conclusion makes it unnecessary to consider the affirmative allegations of appellee's reply and other propositions presented in its brief and argument.

· No error on the part of the trial court being ascertained, its judgment is hereby—*Affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, and KINDIG, JJ., concur.