FARMERS STATE BANK OF STRAHAN, Appellee, v. W. A. FISHER, Appellant.

**BILLS AND NOTES:** Form—Unallowable Variation. Parol evidence is inadmissible to show that a note is not payable according to its terms.

**BILLS AND NOTES:** Consideration—Perpetuation of Bank. A promissory note executed to a bank by a stockholder thereof for the purpose of preserving the bank as a going concern and of preventing an impairment of its capital and the making of an assessment on the stockholders, is supported by adequate consideration. (See Book of Anno., Vols. I, II, Sec. 9441.)

Headnote 1:   22 C. J. p. 1091.   Headnote 2:   8 C. J. p. 212.

Headnote 1:   20 A. L. R. 421; 3 R. C. L. 868.

*Appeal from Mills District Court.*—EARL PETERS, Judge.

DECEMBER 13, 1927.

Action on a promissory note.   Trial to the court, without a jury.   Judgment for plaintiff.   Defendant appeals.—*Affirmed.*

*Genung & Genung,* for appellant.

*W. S. Lewis,* for appellee.

WAGNER, J.—The appellee in its petition asks for judgment in the sum of $343.65, with interest, and its claim is based upon a promissory note in the principal sum of $2,700, which it is alleged by the appellee was made, executed, and delivered to the bank on or about June 14, 1922.   Said note was signed by the appellant,

and also bore the signature of five other men, directors of the appellee bank. By the terms of the note, the signers thereof jointly and severally promised to pay the same. Based upon an equal division of liability, the other makers of the note have paid their proportionate share of the indebtedness.

The appellant in his answer alleges, in substance, that there is nothing due upon the note, and that the same has been fully paid. The evidence, as shown by the record, establishes the fact that the amount claimed by the appellee is still due and unpaid. Therefore, the fact as to whether or not there has been payment of said note needs no further consideration.

It is averred by the appellant in his answer that the note was without consideration, and was executed by the makers for the accommodation of the bank. This proposition will be considered later in the opinion.

It is also alleged by the appellant in his answer, in substance, that it was agreed between the bank and the makers of the note that the same was not to be paid by them, but was to be paid either from the profits and surplus of the bank or by an assessment to be made upon the stockholders of the bank. There is no evidence in the record tending to establish these allegations, and evidence with reference thereto is inadmissible. There is no allegation by the appellant in his answer of conditional delivery, within the purview of the conditional delivery statute, Section 9476, Code of 1924. The foregoing affirmative allegations amount to nothing more than saying that the note was not to be paid according to its terms. Therefore, parol evidence with reference thereto is inadmissible. *Hills Sav. Bank v. Hirt*, 204 Iowa 940, and the cases therein cited. It is unnecessary for us to repeat what we said in the *Hills Sav. Bank* case, but we refer to it as our latest pronouncement thereon.

Was the note without consideration, and was it an accommodation note? This question is also conclusively answered by *Hills Sav. Bank v. Hirt*, supra.

The appellant was a stockholder of the bank, owning sixteen shares of said stock. He was cashier of the bank at the time of the execution of the note, and had been for some years.

On the day of the execution of the note, the bank examiner was present, and made an examination of the bills receivable of the bank. There were three notes among the bank's assets in the sum total of $2,700, which were worthless or "frozen assets," and objectionable to the bank examiner; and it is clear from the record that the examiner required, at that time, that said $2,700 be charged off the books of the bank and made up, either by cash or by the execution of a note by the managing officers of the bank. One of the directors favored payment in cash, but the execution of the note was finally agreed upon, and the note in suit was executed, for the manifest purposes, as shown by the record, of preserving the bank as a going concern and of preventing the impairment of its capital and the making of an assessment upon the stockholders of the bank. The three notes totaling $2,700, objectionable to the bank examiner, were removed from among the assets of the bank, and the note in suit included among its bills receivable in lieu thereof.

2. BILLS AND NOTES: consideration: perpetuation of bank.

In *Hills Sav. Bank v. Hirt,* supra, we said:

"The interest of a stockholder in preserving the bank as a going concern and in preventing the impairment of its capital is sufficient consideration for a note given for said purpose, and to take the place of bills receivable charged off the books of the bank."

In the *Hills Sav. Bank* case we also said:

"Since there was a consideration for the notes, they were not accommodation notes. 'An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person.' Section 9489, Code of 1924. 'Value is any consideration sufficient to support a simple contract.' Section 9485, Code of 1924."

Therefore, the contention of the appellant that there was no consideration for his signature to the note and that the note was an accommodation note cannot be upheld.

The case was tried to the court, jury being waived, and the findings of the court upon disputed questions of fact have the same force and effect as the verdict in a case tried to a jury.

We find no error in the record, and the judgment of the trial court is affirmed.—*Affirmed.*

EVANS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.