BANKERS TRUST COMPANY, Appellee, v. L. L. BEINHAUER et al., Appellees; CARRIE G. HUNTER, Appellant.

No. 40558.

NOVEMBER 18, 1930.

*F. G. Ryan,* for appellant.

*Sargent, Gamble & Read,* for Bankers Trust Company, appellee.

*Carr, Cox, Evans & Riley,* for T. R. Osborne, Charles P. Bement, and Ward Ferguson, appellees.

*Donald G. Hunter,* for James W. Hunter, appellee.

*J. E. Holmes,* for L. L. Beinhauer, appellee.

*Nelson Royal,* for H. L. Ratcliff, appellee.

KINDIG, J.—On June 24, 1929, the defendant-appellee L. L. Beinhauer executed a promissory note payable to the order of the Bankers Trust Company, plaintiff and appellee, in the sum of $2,500, together with interest thereon at the rate of 8 per cent per annum from maturity, payable semiannually. Under the concession of all the parties, the foregoing note was thus executed by L. L. Beinhauer for the purpose of obtaining money for and on behalf of the Peoples Oil Company, a corporation. It appears that the Bankers Trust Company, appellee, was not willing to loan the money to L. L. Beinhauer unless the payment was guaranteed by suitable guarantors.

L. L. Beinhauer, above named, and Ward Ferguson, Charles P. Bement, Roy A. Dodge, H. L. Ratcliff, T. R. Osborne, and James W. Hunter, defendants and appellees, were stockholders in the aforesaid corporation. Appellant, Carrie G. Hunter, was not such stockholder. The evidence indicates, however, and the municipal court was justified in finding, that the corporation's financial affairs were such that T. R. Osborne, H. L. Ratcliff,

Ward Ferguson, and Charles P. Bement, defendants and appellees, would not have executed the guaranty agreement unless the appellant, Carrie G. Hunter, signed the same as co-guarantor: that is to say, the said defendants doubted the financial ability of the appellees James W. Hunter, L. L. Beinhauer, and the corporation, and were not alone willing to become further liable for that institution's financial obligations. Consequently, in order to induce the said Ward Ferguson, T. R. Osborne, Charles P. Bement, and H. L. Ratcliff to sign the guaranty, the appellee James W. Hunter and the appellant, Carrie G. Hunter, first placed their signatures thereon. Because of those signatures, the said James W. Hunter induced the other guarantors to execute the instrument, on the theory that appellant and her husband were bound thereon as co-guarantors for value.

Thus the instrument was delivered, and there were paid on the guaranteed note, from time to time, several sums of money, until there remained a balance of only $715. This sum, plus interest, attorney fees, and other costs, was the amount of the judgment entered by the municipal court in favor of the Bankers Trust Company against L. L. Beinhauer, Ward Ferguson, Charles P. Bement, H. L. Ratcliff, T. F. Osborne, James W. Hunter, appellees, and Carrie G. Hunter, appellant.

In a cross-petition, filed in the original cause before the entry of the judgment above described, the appellant, Carrie G. Hunter, in case judgment was entered against her in the main case, sought judgment for the entire sum against the aforesaid L. L. Beinhauer, Ward Ferguson, Charles P. Bement, Roy A. Dodge, H. L. Ratcliff, T. R. Osborne, and James W. Hunter. There is no question involved here concerning the right of one guarantor to recover from another because the former has discharged more than his share of the common obligation. Nothing has been paid by appellant on the common obligation. Her fair share, as co-guarantor of the common obligation, would be no more than the amount of the judgment entered in the main case in favor of the appellee Bankers Trust Company.

By a stipulation, the cause was continued so far as the above-named Roy A. Dodge was concerned. No relief was allowed the appellant, Carrie G. Hunter, against any of the defendants named in her cross-petition, and therefore she appeals. Her theory on this appeal is that she was a mere accommodation

party on the guaranty agreement. Furthermore, the appellant urges that, although the money was borrowed for the purposes of the corporation, nevertheless the defendants, L. L. Beinhauer, Ward Ferguson, Charles P. Bement, H. L. Ratcliff, T. R. Osborne, and James Hunter, being stockholders in the corporation, were benefited by the loan. Since they were thus benefited by the loan, appellant maintains, these stockholders, although appearing on the guaranty instrument as guarantors, in fact, under the circumstances, were principals.

But it is to be recalled that appellant was not a stockholder, and consequently she asserts that her liability on the guaranty agreement was that of an accommodation party only. That being true, appellant claims that she is entitled to judgment against the other guarantors, who, in fact, were principals under the obligation assumed by her. Again it is repeated that appellant is not seeking to recover because she has paid on the original obligation more than her common share. The appellant asks that she be entirely absolved from any financial liability, and that her co-guarantors shall be compelled to bear the entire burden.

No doubt the borrowing was for the benefit of the corporation. Generally speaking, the stockholders of a corporation are benefited by money loaned the institution. When that is the case, it may be said, under proper circumstances, that the "borrowing was for the benefit of such stockholders who become guarantors on the instrument by which the loan was effected." See *Valley Nat. Bank v. Cownie*, 164 Iowa 421; *Hills Sav. Bank v. Hirt*, 204 Iowa 940; *Farmers State Bank of Strahan v. Fisher*, 204 Iowa 1049. For the purposes of this case, we assume, without deciding, that a stockholder who guarantees a note made in the corporation's behalf might be a principal, as between himself and another guarantor who is not a stockholder. Likewise, it is conceded, without being determined that parol evidence may be introduced to show the true consideration between appellant and her co-guarantors where the guaranty agreement is separate from the note, the same as if the parties involved had signed the note itself. Nevertheless, under the assumption and concession, appellant has not shown herself entitled to recover, because here it does not appear that the defendants in the cross-petition, except Hunter, Beinhauer, and Dodge (the case was continued as to Dodge, and a reversal was not asked, because the municipal

court did not enter judgment in appellant's behalf against Beinhauer and her husband, James W. Hunter), were principals, in the sense required. Those cross-defendants were, of course, all stockholders in the corporation, and the money was borrowed for that institution; but the cross-defendants Ward Ferguson, Charles P. Bement, H. L. Ratcliff, and T. R. Osborne doubted the financial responsibility of the corporation, and were not willing to assume obligations for it unless appellant became a co-guarantor with them. Hunter, appellant's husband, induced these particular defendants to sign the guaranty in question. Before that was done, the appellant and her husband both had placed their names upon the instrument. This is not a case, then, where the appellant became an accommodation guarantor at the request of the other guarantors. Here, Ward Ferguson, Charles P. Bement, H. L. Ratcliff, and T. R. Osborne became guarantors at the request of appellant's husband, after he and appellant had signed the instrument. These particular cross-defendants became guarantors at the request and for the benefit of the appellee Hunter, on the express condition that appellant was a co-guarantor, as distinguished from an accommodation guarantor. Hence Ward Ferguson, Charles P. Bement, H. L. Ratcliff, and T. R. Osborne were in no sense the principals, as distinguished from the accommodating parties on this instrument.

Appellant became a party to the instrument for the benefit and at the request of her own husband, James W. Hunter. Also, it was at the husband's request that Ward Ferguson, Charles P. Bement, H. L. Ratcliff, and T. R. Osborne became parties. Obviously, appellant has not shown herself entitled to recovery on the cross-petition. Manifestly, there is no ground for reversal, under all the circumstances above disclosed. A reversal is not demanded by appellant because judgment was not entered in her behalf against L. L. Beinhauer and James W. Hunter. The case is argued on the theory that recovery on the cross-petition is to be had against all of the defendants or none of them.

Wherefore, the judgment of the municipal court should be, and hereby is, affirmed.—*Affirmed.*

MORLING, C. J., and FAVILLE, ALBERT, and GRIMM, JJ., concur.