L. A. ANDREW, Superintendent of Banking, Receiver, Appellee, v. HENRY SHIMERDA, Appellant.

No. 42249.

APRIL 3, 1934.

J. J. Locher and George C. Gorman, for appellant.

C. J. Cash, for appellee.

STEVENS, J.—The record in this case is extremely meager, and some material facts must be inferred. The action is upon a promissory note for $4,900, executed September 30, 1931, by appellant to the Oxford Junction Savings Bank of Oxford Junction, Iowa. A credit of $200, dated October 1, 1931, is indorsed on the note. The defenses pleaded are that the note was conditionally delivered to the bank; that it was procured through fraudulent representations of the cashier; that it is an accommodation note; and that same was executed without consideration.

Appellant was a stockholder and member of the board of directors of the payee bank. Although a going concern, we gather from the record that in June, 1922, it was in a more or less failing condition. On June 27th of that year a resolution was offered and adopted by the board of directors reciting that, as the banking department was objecting to certain notes and securities held by the bank and that an offer having been previously made to the board of directors to personally purchase the notes and securities, which aggregated $36,000, the offer be accepted and the cashier authorized to make proper transfer of the notes and securities.

In pursuance of this resolution, the notes and securities referred to were permanently taken out of the assets of the bank. Each of the directors personally executed notes to the bank in pursuance of the resolution and for the purpose therein stated. While the above facts are not shown directly, we infer from the statements of counsel that they are correct.

Called as a witness in his own behalf, appellant sought to testify to certain alleged false and fraudulent statements and representations made to him by the cashier of the bank immediately prior to the execution of the note. All of the testimony of appellant tending to support the defenses pleaded was, upon objection of counsel for appellee, excluded by the court. Profert was made by counsel of all relevant and material facts which appellant desired to prove and to which, if permitted, he would have testified.

The errors assigned, with one exception, are based upon the rulings of the court rejecting the offered testimony. Appellant, if permitted, would have testified that the cashier of the bank stated and represented to him that the notes and securities purchased by the directors and withdrawn from the assets of the bank were good, would be paid, and that appellant would never be required to pay the note, and that he received no consideration whatever for the

execution thereof. Assuming, as we must for the purposes of this appeal, that the facts relating to the transaction are true as set forth in the proffered testimony, was it error for the court to exclude the same? No doubt the cashier of a bank is the chief executive officer thereof and possesses authority to bind the bank as to matters within the apparent scope of his authority as such officer. This is elementary. It is equally true that the board of directors may limit the authority of its cashier. Chapman v. First Nat. Bank, 26 Wyo. 138, 181 P. 360, 182 Pac. 91; Citizens Bank v. Bank, 126 Ky. 169, 103 S. W. 249, 11 L. R. A. (N. S.) 598, 128 Am. St. Rep. 282.

Appellant was present at the meeting of the board of directors of the bank on June 27, 1922, when the resolution referred to above was adopted. The extent of his actual knowledge of the value of the assets referred to in the resolution is not definitely disclosed by the record, but he, no doubt, would have testified that he knew only what the cashier is alleged to have told him and that he believed and relied upon the representations claimed to have been made. Certainly he knew the scope and purpose of the resolution. He must, however, be held to have known that the superintendent of banking had objected to the notes and securities referred to and desired that the same be withdrawn from the assets of the bank. He must also be held to have known that the purpose of the execution of notes by the directors was to make substitution of valid and legal obligations for the assets withdrawn. These assets were, by the terms of the resolution, purchased by the board of directors. The cashier was authorized and directed to make proper transfer of the instruments. In such situation, is the defense available to appellant that the note was executed without the payment to him of some form of consideration other than the purchase and transfer of the notes? The contrary would seem to be obviously true. The action taken by the board of directors in good faith resulted in a transfer to them of notes and securities of the bank amounting to $36,000. These obligations may, in fact, have had little or no value, but the directors were interested in protecting the creditors of the bank and in maintaining it as a going concern. Hills Savings Bank v. Hirt, 204 Iowa 940, 216 N. W. 281; Markville State Bank v. Steinbring et al., 179 Minn. 246, 228 N. W. 757. This constituted a consideration for the note. The transaction, of which the execution of the note was a part, was by and on behalf of the board of directors of the bank.

The cashier, as the chief executive officer of the bank, could

not bind the bank by any statements or representations made by him as to the worth or value of the assets withdrawn to appellant, a director, who was present and participated in the adoption of the resolution. Obviously, he was without authority to bind the bank by any representations touching the value of the securities or the manner in which the note would be paid. Hills Savings Bank v. Hirt, supra; Crum v. Emmett, 197 Iowa 1160, 196 N. W. 982; Bates v. Clarion Savings Bank, 217 Iowa 741, 252 N. W. 138; Bliss v. Venner, 121 Neb. 44, 236 N. W. 147.

The resolution would seem, in itself, to completely negative each and all of the respective propositions of appellant, that is, that the note was an accommodation note, that it was without consideration, or that its execution was induced by fraud on the part of the cashier. That officer was directed to withdraw the notes and securities referred to in the resolution and to transfer the same to the directors. We assume from what is shown in the record that this is exactly what he did. The execution of the note in suit was evidently voluntary on the part of appellant and for the purpose of meeting his share of the obligation imposed by the terms of the resolution. He may not now be heard to give testimony in complete impeachment of his own transaction. It may be that the cashier was either overoptimistic or lacking in the scrupulous care he should have observed in discussing the matter with appellant, but, presumptively, appellant fully knew and understood the meaning and purpose of the resolution and of the facts upon which it was based. None of the authorities cited by appellant tend toward a different conclusion. The general rules relating to the admissibility of evidence in support of defenses such as were interposed in this case and sustained by the authorities cited may well be conceded. The facts set forth in the record before us do not call for their application. We see no escape from the conclusion reached by the trial court. Possibly some of the evidence excluded might well have been received, but the error, if any, in this respect, was without prejudice.

II. Complaint is also made of the refusal of the court to grant appellant a continuance of the case and compelling him to go to trial. Counsel in oral argument practically abandoned error, if any, at this point.

In view of the conclusion reached on the merits, the ruling was obviously without prejudice. It is the conclusion of the court that

none of the propositions relied upon for reversal are sustainable. The judgment is, accordingly, affirmed.—Affirmed.

CLAUSSEN, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.